**MORRISON et al. v. SHOPMEN'S LOCAL UNION 682 OF INTERNATIONAL ASS'N OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, A. F. OF L. et al.**

**Civ. A. No. 2643.**

United States District Court
W. D. Kentucky, at Louisville.

Aug. 20, 1953.

Dodd & Dodd, Louisville, Ky., for plaintiffs.

Herbert L. Segal, Louisville, Ky., Louis Lusky, Louisville, Ky., of counsel, for defendants.

SHELBOURNE, Chief Judge.

This case was filed in the Jefferson Circuit Court June 26, 1953. July 13, 1953, defendants removed the action to this Court and upon plaintiffs' motion to remand same to the Jefferson Circuit Court, on July 21, 1953, the Court remanded so much of the action as sought injunctive relief and retained jurisdiction of the cause of action seeking a declaration of rights.

A trial was had to the Court, without a jury, August 17, 1953.

The complaint alleged that the defendant was a local Labor Union, part of the International Association of Bridge Structural and Ornamental Iron Workers, A. F. of L. and that plaintiffs R. E. Morrison, H. L. Covert, J. L. Covert and A. W. Diebold were partners, doing business as Kentucky Metal Products Company.

A declaration of rights of the parties in respect to a labor agreement entered into between the parties June 1, 1952 was sought, the contention with respect to the controversy being alleged in the complaint as follows—

"* * * that the defendants are contending that the said Alex O'Nan must remain idle when not engaged in supervising employees of the company in the iron shop and not hiring them or firing or laying out work for them to do, or that if permitted by the company so to do he must become a member of the defendant union."

Plaintiffs' contention, as alleged in the complaint, is that O'Nan—

"* * * as a supervisory employee * * * is specifically excluded under Clause 1(A) and 4(A) of the contract from the terms of the agreement and may engage in production work and is not required to become a member of the union, and that if any ambiguity exists in the contract the performance of the duties hereinabove set out by the said Alex O'Nan over a period of several years under identical clauses of labor contracts between the parties, resulted in a construction of the meaning of such clauses, and that the plaintiff has the right to assign such duties to

the said Alex O'Nan without requiring him to become a member of the union."

Clause 1(A) of the contract is as follows—

"This agreement shall be applicable to employees of the Company (hereinafter referred to as "production and maintenance employees") engaged in the fabrication of wire products, steel and metal products or in the maintenance work in or about the Company's shop or shops located at Louisville, Kentucky and vicinity, and to work done by such production and maintenance employees. The Company hereby recognizes and confirms the right of such employees to all work done by the Company at its shop or shops in connection with the fabrication of wire products, steel and metal products and in connection with such maintenance work, and for the duration of this agreement grants such work jurisdiction to such employees solely and to the exclusion of all other Unions, crafts or employee groups. This agreement is not intended and shall not be construed to extend to office or clerical employees, watchmen, guards, or supervisors, nor to erection, installation or construction work or to employees engaged in such work."

Clause 4(A) of the contract is as follows—

"Each of the Company's production and maintenance employees in the unit, as defined in Section 1 hereof, shall, as a condition of employment, be or become a member of the Union not later the thirty-first day following the effective date of this agreement, or not later than the thirty-first day following the beginning of his or her employment, whichever is the later. Each such production and maintenance employee shall, as a condition of continued employment, remain a member of the Union in good standing to the extent authorized by Section 8(a)(3) of the Labor-Management Relations Act, 1947".

The answer of the defendant Union contained three defenses; the first defense alleged that the "meaning and legal effect of the contract between the plaintiffs and defendants" and particularly paragraphs 21 A and 21BV was that if either party refuses to arbitrate a dispute arising under the contract, neither party is entitled to litigate the merits of such dispute "both parties being limited instead to their respective economic remedies of strike or lock-out."

This contention was followed by an allegation that defendants had refused to submit to arbitration of the dispute concerning the status of Alex O'Nan, who the plaintiffs were contending was a supervisor and the defendants were contending was a production employee, and contending that the pleadings presented no justiciable issue, defendants asked for a judgment under Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A.

The second defense alleged that the National Labor Relations Board assumed jurisdiction of the plaintiffs' business by certifying the defendant Union as the exclusive bargaining agent of the plaintiff company and that all matters here involved were exclusively within the jurisdiction of the National Labor Relations Board, under the provisions of Section 159, Title 29 U.S.C.A.

For this reason, defendants asked for a summary judgment.

The third defense was a denial of every allegation contained in the petition, except those in the first, second, and fourth literary paragraphs and a minor part of the third literary paragraph.

Defendants, at the time of filing their answer, made formal demand in writing for a trial by jury of all of the issues raised by the third defense.

For the reasons hereinafter set forth, the Court is of the opinion that defendants are not entitled to a jury trial in this action.

Defendants' Counsel contended that the sole issue upon which he desired a jury trial, or on account of which he was entitled to a jury trial was to have determined the number of hours the foreman in the Iron Shop, Alex O'Nan spent in doing the

work which the men under his supervision were doing.

The Court makes the following—

## Findings of Fact

1. Plaintiffs R. E. Morrison, H. L. Covert, J. L. Covert and A. W. Diebold, as partners, are engaged in business under the name of Kentucky Metal Products Company, at Louisville, Kentucky, and are engaged in Interstate Commerce.

2. Defendant, Shopmen's Local Union 682 of The International Association of Bridge, Structural and Ornamental Iron Workers, A. F. of L. is a Labor Union comprised of employees of the plaintiff company.

Defendants, Russell C. Stanley and Claude Davis, are respectively President and Recording Secretary of defendant union.

3. This Court has jurisdiction of the parties and of the subject matter under the provisions of the Labor Management Act of 1947, Section 185(a), Title 29 U.S.C.A.

4. On June 1, 1952, plaintiffs and defendant Labor Union entered into a labor agreement, which by its terms, extends to October 13, 1953. This agreement applied to employees of the Company engaged in the fabrication of wire products, steel and metal products, or in the maintenance work, but was not intended and does not extend to supervisors or persons engaged in supervisory work.

The term "employee" as used in the contract, under the definition of that term in Section 152(3) Title 29, The Labor Management Act of 1947, did not and does not include any individual employed as a supervisor and by Subsection 11, § 152, Title 29, the term supervisor means any individual having authority in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

5. Alex O'Nan has been employed by the Company for a period of years, the last continuous employment being from 1945, when he was an employee in the Iron Shop, where he was promoted in 1947 to foreman. Prior to his promotion as foreman, he was a member of the defendant Union, but upon his promotion to foreman, his membership in the Union was dropped and since 1947, he has continuously been the foreman in charge of the Iron Shop.

6. The Iron Shop is one of three separate departments of the plaintiffs' business and is physically separated from other departments by walls. There is employed in the Iron Shop a comparatively small number of employees, ranging from five to eight, the evidence indicating that five besides the foreman being the usual and normal force.

7. From the evidence in the case, it is clear that O'Nan receives the blue prints for work to be done in the Iron Shop, interprets the blue prints for the men under him, lays out their work and has the power to employ or discharge employees and is responsible for training new employees and has general supervision of the Iron Shop.

8. While not engaged in supervisory duties, O'Nan does the same kind of work as is done by some of the men under him, it being admitted that he spends approximately fifty percent of his time in supervisory duties and fifty percent in doing the work of fabrication, etc., along with his men.

9. From the evidence, it is concluded that the above arrangement with respect to O'Nan and the performance of his supervisory duties as foreman, as well as the kind of work he is doing of the same nature as the men under him, has remained substantially the same since he became a supervisor in 1947.

10. On or about the 10th day of April 1953, the defendant Union filed a grievance with the Company, complaining that O'Nan was a supervisory employee and as such had no right to do any production work, to which grievance the Company advised the Union that O'Nan was a supervisory employee excluded from membership in the

58

Union and as a supervisor was not forbidden to do production work when not occupied by his supervisory duties.

11. When the Company declined arbitration, the Union authorized a strike which began on the 8th day of June 1953 and is still in progress.

12. The sole dispute in this case is as to Alex O'Nan's right to do production work. The Union contends that under Clause 1 (A) of the contract, the Company delegated to the Union and its membership all work to be done by the Company in connection with the fabrication of iron products, steel and metal products in connection with the maintenance work and granted jurisdiction to the Union with respect to such work.

13. The Court finds that Alex O'Nan is a supervisor and foreman of the Iron Shop and is expressly excluded under the terms of Section 1(A) and Section 4 (A) of the contract between the Company and the Union.

### Conclusions of Law

I. There is nothing in the contract that prohibits or prevents Alex O'Nan as a supervisor from doing production work at such times as his supervisory duties will permit.

II. The status of Alex O'Nan is defined by Subsection 11 of Section 152, Title 29 U.S.C.A., the Labor Management Act, and there is no provision in the requirements of a supervisor in that Section which prohibits or prevents Alex O'Nan from doing production work.

III. Being immaterial for the determination of this case as to the proportion or percentage of time Alex O'Nan spent in production work, the defendants' motion for a jury trial should be overruled.

IV. The defendants' motion for a summary judgment is overruled.

V. The Congress has provided in the disjunctive the various powers and duties which distinguish a supervisor. National Labor Relations Board v. Edward G. Budd Manufacturing Company, 6 Cir., 169 F.2d 571.

VI. The Statute does not require the exercise of the power described for all or any definite part of the employee's time. "It is the existence of the power which determines the classification." Ohio Power Company v. National Labor Relations Board, 6 Cir., 176 F.2d 385, 388, 11 A.L.R. 2d 243.

See also Textile Workers Union of America v. Arista Mills Company, 4 Cir., 193 F.2d 529 and Ludlow Manufacturing & Sales Company v. Textile Workers Union, D.C.Del., 108 F.Supp. 45.

A judgment declaring the rights of the parties in accordance with this memorandum will be presented by Counsel for plaintiffs, on notice to Counsel for defendants.