BURLESQUE ARTISTS ASSOCIATION,
an Unincorporated Association,

v.

I. HIRST ENTERPRISES, Inc., and
Jay Hornick.

Civ. A. No. 16934.

United States District Court
E. D. Pennsylvania.

Sept. 12, 1955.

Schnader, Harrison, Segal & Lewis, by Frank H. Abbott, Philadelphia, Pa., for plaintiff.

Blanc, Steinberg, Balder & Steinbrook, by Sylvan C. Balder, Philadelphia, Pa., for defendants.

GRIM, District Judge.

Plaintiff, an unincorporated association, is a labor union. Defendant I. Hirst Enterprises, Inc., is a corporation engaged in the operation of a chain of burlesque theatres in a number of cities of the United States. Plaintiff and defendant I. Hirst Enterprises, Inc., have entered into a collective bargaining agreement in which plaintiff is recognized as bargaining agent for "all performers and chorus girls and principals" appearing in the Hirst theatres. The agreement provides that "There shall be no interference or disturbance in any of the terms or conditions or any arrangements between the theatre and chorus, principals and performers during the period of this agreement, the prevailing conditions to continue in full force and effect." In its Complaint, which has been filed under Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 185, plaintiff states as the First Cause of Action that the "prevailing conditions" were changed in that the performers were required to work longer hours than they worked when the contract was entered into. Because of this

alleged breach of the contract the Complaint in the First Cause of Action states that "plaintiff and those employees whom it represents, were damaged in the sum of at least Four Hundred Thousand Dollars ($400,000)." It does not state in detail how the alleged damages were calculated.

Defendants have filed a motion to dismiss the Complaint. In my opinion, the alleged breach of contract described in the First Cause of Action is the type of breach for which suit was brought in the case of Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 3 Cir., 1955, 210 F.2d 623, affirmed 348 U.S. 437, 75 S.Ct. 488, and, therefore, the First Cause of Action in the present case must be stricken in conformity with the principle established by the decision in the Westinghouse case.

The Complaint avers that defendant Jay Hornick is secretary of defendant I. Hirst Enterprises, Inc. Under the Third Cause of Action the Complaint alleges that defendant Jay Hornick wilfully caused defendant I. Hirst Enterprises, Inc., "to breach its contract with plaintiff Union, thereby causing damages to plaintiff and those employees whom it represents. * * *" In substance, the Third Cause of Action is a tort action, governed by state law, seeking damages because defendant Hornick allegedly induced defendant Hirst Enterprises to breach its contract. Since the present suit is not based on diversity of citizenship and since the Labor-Management Relations Act confers upon this Court no jurisdiction over the subject matter of the Third Cause of Action, it too will be stricken.

Plaintiff's agreement also provides that performers in the Hirst theatres "as a condition for appearance in the theatre to the extent permitted by law, shall immediately become a member of the B.A.A. [Burlesque Artists Association, the plaintiff] and remain a member of the B.A.A. throughout the period of his appearance in the theatres." In its Second Cause of Action plaintiff alleges that defendants have failed to comply with this part of the contract both in permitting employees to perform without requiring them to join the B.A.A. and also in encouraging them not to join the B.A.A. Under the second cause of action the Complaint states that "By reason of the foregoing, plaintiff was damaged in the sum of at least One Hundred Thousand Dollars ($100,000)." The Complaint under the Second Cause of Action alleges a breach of the union shop provisions of the collective bargaining agreement for which, if those provisions are legally enforceable,[1] damages might be recoverable in this suit. The motion to dismiss the Complaint therefore will be denied.

---

1. See Association of Westinghouse Salaried Employees v. Westinghouse Corp., 348 U.S. 437, 443 note 2, 75 S.Ct. 488.