**ALLIED OIL WORKERS UNION,**
Appellant,

v.

**ETHYL CORPORATION, Appellee.**

No. 18978.

United States Court of Appeals
Fifth Circuit.

March 30, 1962.

Rehearing Denied May 11, 1962.

R. W. Williams, Jr., Baton Rouge, La., for appellant.

C. W. Phillips, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for appellee.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

Another of the increasing number of cases in which a Labor Union has invoked the jurisdiction of the Federal Court under Sec. 301(a) of the Labor Relations Act as amended, 29 U.S.C.A. § 185, this suit was brought to obtain the enforcement of a collective bargaining agreement with respect to the maintenance of a job classification provided for in it.

Alleging that the defendant had abolished the classification, plaintiff sought a declaratory judgment, that the defendant was, and would be, required to rescind its action in abolishing a job classification No. A04012, created by the agreement, the complaint charged that, contrary to the provisions of the contract, the company had abolished the classification and created a new job classification which incorporated some, but not all, of

the work which had been previously assigned to job classification No. A04012, and sought appropriate relief.

The defendant moved to dismiss for lack of jurisdiction and for failure to state a claim on the ground that the suit was not, within the meaning of the cases, brought to enforce an alleged right asserted by plaintiff as a labor organization but merely a suit to enforce an alleged claim of an individual member of plaintiff's organization employed by defendant.

The district judge, without giving his reasons therefor, dismissed the complaint.

Here plaintiff-appellant argues that, within the holding of the cases, the complaint presented a cause of action of which the court had jurisdiction, because the suit on its face was a suit to enforce a right of plaintiff as a labor organization and was not an attempt to assert a claim of an individual member of the union. In support of its position, plaintiff relied below and relies here on Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; Independent Petroleum Workers of New Jersey v. Esso Standard Oil Co., 3 Cir., 235 F.2d 401; Morrison et al. d/b/a Kentucky Metal Products v. Shopmen's Local Union, D.C., 114 F.Supp. 54; United Protective Workers v. Ford Motor Co., 7 Cir., 194 F.2d 997; Burlesque Artists Ass'n v. I. Hirst Enterprises, D.C., 134 F.Supp. 203; Local Union 28, International Brotherhood of Electrical Workers v. Maryland Chapter, National Electrical Contractors Association, D.C., 194 F.Supp. 491, and other such cases.

The appellee relying on Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, insists that this case is ruled by the principle there announced, that the section invoked is one granting a narrow and limited jurisdiction and the complaint does not bring plaintiff's case within it.

We do not agree with this view. The complaint, by which alone the case must be judged, shows clearly and plainly that the suit did not involve a claim of an individual worker but involved only the claim of the union to maintain the integrity of its contract. We think it clear that this case is not ruled by the Westinghouse case, but that it falls within, and is ruled by, Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; Goodall-Sanford, Inc. v. United Textile Workers of America, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031; and General Electric Co. v. Local 205, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028.

The judgment is, therefore, reversed and the cause is remanded for further and not inconsistent proceedings.