**GULF OIL CORPORATION, Appellant,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 715, AFL-CIO, Appellee.**

*No. 17982.*

United States Court of Appeals
Fifth Circuit.

June 24, 1960.

Rehearing Denied July 21, 1960.

---

**534**

David W. Stephens, Fort Worth, Tex., David T. Searls, Pittsburgh, Pa., of counsel, for appellant.

Sam Houston Clinton, Jr., Austin, Tex., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

HUTCHESON, Circuit Judge.

When this case was here before on the appeal of the Union from a judgment dis-

missing its complaint for want of jurisdiction on the ground that the Labor Board had jurisdiction of the matter complained of, this court reversed and remanded the cause.[1]

The cause is here now on Gulf's appeal from a summary judgment directing it to submit to arbitration "the matter of the discharge of K. T. Cantner * * *" as required by Article 7 of the collective bargaining agreement.

This time the arguments of Gulf and Union are directed to the issue decided below in favor of the Union, whether the grievance dispute presents a question "arising under this contract", and is, therefore, arbitrable under the collective bargaining agreement.

Gulf's position in essence is this: that discharges are the prerogative of the management; that they are not mentioned in the contract; that the grievance procedure provides that the arbitrators "shall not attempt to interpret any matter outside of the agreement; and that because these things are so, discharges are not subject to arbitration. In support of this position it cites and relies on two cases from this court, Refinery Employees Union v. Continental Oil Co., 268 F.2d 447; and United Steelworkers of America v. Warrior & Gulf Navigation Co., 269 F.2d 633. Arguing: that it was simply exercising its managerial prerogative in discharging Cantner; that it is its common law right to select its employees and terminate their employment at will, United States Steel Corp. v. Nichols, 6 Cir., 229 F.2d 396, 56 A.L.R.2d 980; and that this right was not abridged, nor was its abridgement even mentioned in the bargaining agreement; appellant urges upon us that the judgment was wrong and must be reversed.

The Union, on its part, citing and relying on Local 1912, International Association of Machinists v. United States Potash Co., 10 Cir., 270 F.2d 496, Judge Rives' dissenting opinion in United

1. International Union of Operating Engineers, Local No. 715 v. Gulf Oil Corp., 5 Cir., 262 F.2d 80.

Steelworkers of America v. Warrior & Gulf Navigation Co., supra, and the grant of certiorari in that case, 361 U.S. 912, 80 S.Ct. 255, 4 L.Ed.2d 183, insists that the district judge was right and the judgment must be affirmed.

█ We need not, we think, concern ourselves here with whether the decisions invoked by appellant or those invoked by appellee are correct, for the reason that the contract relied on here by both Union and Gulf, by its express provisions makes arbitrable the matter in dispute. The first of these provisions is Art. 15, Sec. 1, "Discrimination": There shall be no discrimination against any employee on account of membership or non-membership in any church, society, fraternity or labor union". The second, Article 7, relating to settlement of disputes and grievances, provides in Section 1, a procedure "for the purpose of adjusting complaints and grievances arising under this contract * * * ". One of the steps in it, applicable and effective after that procedure has been followed step by step through the decision of the district production manager without an agreement being reached, is: "If decision of management is not satisfactory, it is hereby agreed that the company will be so notified, * * * and the dispute will, if requested by either party, then be referred to arbitration for settlement". Article 3 of Section 7 provides: "The agreement of a majority of the arbitrators shall be final and binding upon both parties as to any conflict properly arising under this contract and referred to said arbitration committee".

Gulf's statement of the question involved:

"The question is whether an employer can be required to arbitrate a discharge *when its common-law right to select its employees and terminate their employment at will is in nowise limited by the collective bargaining agreement between the employer and the union.*" (Emphasis supplied)

in stating that its right of hiring and firing "is in nowise limited by the collective bargaining agreement." categorically assumes in Gulf's favor the very question to be decided, *whether the matter at issue properly arises under the contract.*

█ The merits of a suit to compel arbitration, of course, do not include the determination (1) of the underlying facts and (2) what the ultimate outcome of the controversy will be. These, if the matter is arbitrable, are for the determination of the arbitrator. What and all that we must pass on here is the correctness of the district court's determination that an arbitrable controversy is presented. Goodall-Sanford, Inc. v. United Textile Workers, 1 Cir., 233 F.2d 104.

Gulf does not expressly disagree with this. Its vigorous argument, however, that the record uncontrovertibly supports its view that the discharge was for cause and that it was not, nor was it claimed by the Union to be, because of discrimination for union activity, belies both its original contention that the case was one for the National Labor Relations Board and its general concession that the issue for decision here is not what are the facts as to the reason for the discharge but whether the complaint of the Union presents an arbitrable grievance.

The Union, in its argument in reply, correctly points out:

"When the parties' respective motions for summary judgment were heard by the district court, the long appellate history of the case had clearly defined the respective contentions of the parties. The Union claimed that the discharge was an act of discrimination against Cantner on account of his union membership and was, as well, violative of other parts of the agreement specifically referred to in its motion for summary judgment. On the other hand, Gulf contended that the discharge was for cause in exercise of its management prerogative and, therefore, not arbitrable. The District Court found for the Union and against Gulf."

It as correctly points, also, to the provisions in the collective bargaining contract, which bring the complaint within its arbitration provisions.

Without, therefore, undertaking to determine what the facts are or will be shown to be in respect of the matter for arbitration or what the decision in the arbitration should be, we decide and hold only that the district court correctly determined that the controversy is arbitrable and that his judgment must be affirmed.

Affirmed.