INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW, AFL–CIO), and its Unit Local No. 864, Appellants,

v.

DANIEL RADIATOR CORPORATION OF TEXAS, Appellee.

No. 20435.

United States Court of Appeals Fifth Circuit.

March 2, 1964.

James E. Youngdahl, Little Rock, Ark., McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., Ryan & Eckhardt, Houston, Tex., of counsel, for appellants.

V. R. Burch, Jr., Houston, Tex., Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, BREITENSTEIN * and BELL, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment in a suit for specific performance of a collective bargaining agreement to arbitrate, brought under Sec. 301 of the National Labor Relations Act, 29 U.S.C. § 185.

Defendant-appellee successfully contended in the lower court that the discharge grievance in question was not arbitrable because of an alleged settlement during its processing.

Plaintiffs-appellants urge here, as they did below, that questions concerning compliance with the grievance procedure are exclusively for the arbitrator, and that there was no settlement of the grievance to the satisfaction of the contracting parties, certainly no evidence establishing this as a matter of law.

Citing the leading cases both from the Supreme Court and from this court, they

* Of the Tenth Circuit, sitting by designation.

insist that the district judge's decision was wrong. We agree.

The authorities are quite well collected in the briefs. From a reading of them, it is evident that this is just another case in which management and labor see the invoked statute, Sec. 301, differently, and management's view is wrong.[1]

The Fifth Circuit has been responsive to the fashioning of Sec. 301 law by the Supreme Court.[2]

The decision of the court below was contrary to the uniform course of decisions not only in the Supreme Court but in this court.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

1. United Steelworkers of America v. America Mfg. Co., 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440; Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462.

2. Item Co. v. New Orleans Newspaper Guild, 5 Cir., 256 F.2d 855; Mississippi Valley Electric Co. v. Local 130 of the International Brotherhood of Electrical Workers, 5 Cir., 278 F.2d 764; Lodge 12 Intern. Ass'n of Machinists v. Cameron Iron Works, Inc., 5 Cir., 257 F.2d 467; Gulf Oil Corp. v. Intl. Union of Operating Engineers, 5 Cir., 279 F.2d 533; Deaton Truck Line, Inc. v. Local 612, International Brotherhood of Teamsters, 5 Cir., 314 F.2d 418.