GENERAL ELECTRIC CO. *v.* LOCAL 205, UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA (U. E.).

No. 276.   Argued March 26, 1957.—Decided June 3, 1957.

*Warren F. Farr* argued the cause for petitioner.   With him on the brief were *Lane McGovern* and *James Vorenberg.*

*Allan R. Rosenberg* argued the cause and filed a brief for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a companion case to No. 211, *Textile Workers Union of America* v. *Lincoln Mills of Alabama, ante,* p. 448.   Respondent-union and petitioner-employer entered into a collective bargaining agreement governing the hours of work, rates of pay, and working conditions in a Massachusetts plant owned by petitioner.   The agreement provided a procedure for the settlement of employee grievances, a procedure having four steps.   It also provided that, when the four steps had been exhausted, either party could, with exceptions not material here, submit the grievance to arbitration.

548

The respondent filed written grievances, one asking higher pay for an employee and another complaining that an employee had been wrongfully discharged. Both complaints were carried through the four steps. The union, being dissatisfied, asked for arbitration. The employer refused. The union brought suit in the District Court to compel arbitration of the grievance disputes. The District Court dismissed the bill, being of the view that the relief sought was barred by the Norris-LaGuardia Act. 129 F. Supp. 665. The Court of Appeals reversed, 233 F. 2d 85. It first held that the Norris-LaGuardia Act did not bar enforcement of the arbitration agreement. It then held that while § 301 (a) of the Labor Management Relations Act of 1947 gave the District Court jurisdiction of the cause, it supplied no body of substantive law to enforce an arbitration agreement governing grievances. But it found such a basis in the United States Arbitration Act, which it held applicable to these collective bargaining agreements. It accordingly reversed the District Court judgment and remanded the cause to that court for further proceedings.

We affirm that judgment and remand the cause to the District Court. We follow in part a different path than the Court of Appeals, though we reach the same result. As indicated in our opinion in No. 211, *Textile Workers Union of America* v. *Lincoln Mills of Alabama, supra,* we think that § 301 (a) furnishes a body of federal substantive law for the enforcement of collective bargaining agreements in industries in commerce or affecting commerce and that the Norris-LaGuardia Act does not bar the issuance of an injunction to enforce the obligation to arbitrate grievance disputes.

*Affirmed.*

MR. JUSTICE BURTON, whom MR. JUSTICE HARLAN joins, concurs in the result in this case for the reasons set forth in his concurrence in No. 211, *Textile Workers Union of America* v. *Lincoln Mills of Alabama, ante,* p. 459.

MR. JUSTICE BLACK took no part in the consideration or decision of this case.

[For dissenting opinion of MR. JUSTICE FRANKFURTER, see *ante,* p. 460.]