**MONUMENT MILLS, Inc.,**

v.

**TEXTILE WORKERS UNION OF AMERICA, AFL–CIO, LOCAL NO. 1370.**

**Civ. A. No. 57–138.**

United States District Court
D. Massachusetts.

June 6, 1957.

**430**

Goodwin, Procter & Hoar, Boston, Mass., for plaintiff.

John N. Alberti, North Adams, Mass., for defendant.

McCARTHY, District Judge.

In this action the plaintiff seeks a preliminary injunction against the defendant's bringing a matter to arbitration and for a declaratory judgment to the effect that there is no arbitrable dispute. The defendant by cross motion seeks a stay of the action pending arbitration. The plaintiff's motion must be denied and the defendant's granted.

The dispute here arises out of the closing of the plaintiff's plant in Great Barrington, Massachusetts for business reasons. The defendant here represented the employees of that plant under a collective bargaining agreement. After the closing of the plant the defendant, representing the former employees, made claim for 1957 vacation pay and 1956 Christmas bonuses on a pro-rata basis.

Under the terms of the collective bargaining agreement, the defendant referred the issue to arbitration with the arbitrators nominated in the agreement. Arbitration hearings were scheduled but were stayed pending the outcome of these motions.

"Arbitrability is a question which the district court must pass on in the first instance. * * * The scope of an arbitration pledge is solely for the parties to set, and thus the determination of whether a particular dispute is arbitrable is a problem of contract interpretation. * * * Thus the district court must first determine whether the contract in suit puts matters of arbitrability to the arbitrator or leaves them for decision by the court. If it is the latter, the court must decide such points before it can give relief under §§ 3 or 4 of the Arbitration Act [9 U.S.C.A.]. If it is the former, and the applicant's claim of arbitrability is not frivolous or patently baseless, an order can be given with the decision on arbitrability to be made in the arbitration proceedings that follow, subject of course to §§ 10–11 of the Act." Local 205, etc. v. General Electric Co., 1 Cir., 233 F.2d 85, 101. While this case arises in a slightly different manner the language used by the Court of Appeals seems to be applicable. In the case at bar there is no reference in the arbitration clause to determination of arbitrability by the courts. In absence of such a reference and in the light of the language used I rule that the question of arbitrability is for the arbitrator.

The language quoted above indicates that a frivolous or patently baseless claim should not be ordered to arbitration. In Goodall-Sanford, Inc., v. United Textile Workers, 1 Cir., 233 F.2d 104, the Court of Appeals determined that a question such as that in the case at bar was arbitrable. I can see no distinction between the facts of the Goodall-Sanford case and this case.

See also the decisions by the Supreme Court of the United States in Textile Workers Union of America v. Lincoln Mills of Alabama, 77 S.Ct. 912; Goodall-Sanford, Inc., v. United Textile Workers of America, A. F. L. Local 1802, 77 S.Ct. 920; General Electric Co. v. Local 205, U.E., 77 S.Ct. 921.