### TEXTILE WORKERS UNION OF AMERICA, C.I.O.,

v.

### BATES MANUFACTURING COMPANY. No. 913.

United States District Court
D. Maine, S. D.
Jan. 29, 1958.

Sidney W. Wernick, Portland, Me., for plaintiff.

Leonard A. Pierce, Vincent L. McKusick, Portland, Me., for defendant.

GIGNOUX, District Judge.

This matter comes before the Court upon defendant's motion to dismiss for lack of jurisdiction over the subject matter. Rule 12(b) and (h) Federal Rules of Civil Procedure, 28 U.S.C.A.

Defendant is a Maine corporation engaged in interstate commerce and operating five textile manufacturing divisions, all located in Maine. Plaintiff is an unincorporated labor organization and the collective bargaining representative of some 5,000 of defendant's employees in the State of Maine.

The principal action was instituted on July 25, 1952, under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, and the Federal Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, to enforce collective bargaining agreements entered into between the parties on January 1, 1948, and continued in effect, with amendments, until March 15, 1953. More specifically, plaintiff alleged that defendant was obligated to pay plaintiff's members a cost of living adjustment of 1¢ per hour effective June 30 or July 1, 1952, pursuant to the terms of escalator clauses added to the original agreements by amendments dated March 22, 1951, and that defendant had and was refusing to pay such cost of living adjustment to its employees in violation of its collective bargaining agreements with plaintiff. Plaintiff originally sought a declaratory judgment as to the rights of the parties, and defendant's employees, under the escalator clauses in the collective bargaining agreements; an injunction restraining any further violations of such agreements and requiring future compliance therewith; and damages in the amount of $45,000. All prayers for relief except that for damages have since been rendered moot by expiration of the collective bargaining agreements.

The employees were not named and were not made parties to the suit.

In defense to the principal action defendant interposed the decision of a majority of an Arbitration Board appointed by the parties pursuant to the arbitration provisions of the collective bargaining agreements. This decision was rendered on June 18, 1952, and relieved defendant from any obligation to

adjust wages up or down during the balance of the agreements (up to March, 1953). Its effect was to excuse defendant from payment of the cost of living adjustment. Plaintiff subsequently filed a motion for summary judgment on the issue of liability, which was accompanied by affidavits attacking the validity of the Arbitrators' decision on the ground it exceeded their jurisdiction.

■ The decision in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 75 S.Ct. 488, 99 L.Ed. 510, is controlling here. The minimal holding of that decision is that § 301 of the Labor Management Relations Act does not confer federal jurisdiction over suits by a union to enforce the "uniquely personal" right of an employee to receive compensation for services rendered his employer. Any further ramifications of the Westinghouse opinion are unnecessary to this decision and will not be considered.

■ The Westinghouse decision involved an attempt by a union to recover unpaid wages allegedly due some 5,000 of its members as employees of the defendant therein. Similarly, this suit is an attempt to recover unpaid wages allegedly due plaintiff's members as employees of defendant (all other issues have been made moot by expiration of the collective bargaining agreements). The specific nature of the wages due (wages for an ordinary day's work in Westinghouse; wages due under an escalator clause here) is irrelevant to this decision. The suit is for wages due employees and is brought by a union of which they are members.

Nor do the subsequent decisions of the Supreme Court in Textile Workers Union of America v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972, and companion cases,[1] in any way alter the above-indicated application of Westinghouse to this case. The basic question therein involved was the right of a union to enforce the arbitra-

tion provisions of a collective bargaining agreement which had been made with an employer. It was held that even though the only non-moot issue was the specific enforcement of the arbitration agreement in relation to claims for unpaid wages, jurisdiction existed because non-compliance with the agreement to arbitrate was in issue. Lincoln Mills and its companion cases were, in brief, suits to compel compliance with collective bargaining agreements between unions and employers.

In the instant case arbitration was had by the parties in accordance with their collective bargaining agreement. It is on the authority of the Arbitrators' decision that defendant has refused to pay the wage increment allegedly due its employees who are members of plaintiff union. But it is the refusal to pay, and not the underlying reason therefor, which precipitated this suit. The action is, therefore, for nothing more than wages allegedly due defendant's employees. Westinghouse holds that this "uniquely personal" right cannot be enforced in a federal court by a union.

The further averments of jurisdiction under the Federal Declaratory Judgments Act and 28 U.S.C.A. §§ 1331, 1332 and 1337 are without merit.

■ The Federal Declaratory Judgments Act does not confer jurisdiction on this Court where none otherwise exists. Cadillac Publishing Co., Inc., v. Summerfield, 1955, 97 U.S.App.D.C. 14, 227 F.2d 29, 30, certiorari denied 1955, 350 U.S. 901, 76 S.Ct. 179, 100 L.Ed. 791; Atlantic Meat Co., Inc., v. Reconstruction Finance Corp., 1 Cir., 1948, 166 F.2d 51, 56.

■ Nor can jurisdiction here be based upon diversity of citizenship under 28 U.S.C.A. § 1332. For diversity purposes, an unincorporated association, such as plaintiff, takes the citizenship of its members. Hettenbaugh v. Airline Pilots Association International, 5 Cir., 1951, 189 F.2d 319; Sanders v. International

---

1. General Electric Co. v. Local 205, United Electrical, Radio and Machine Workers of America (U.E.), 1957, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028; Goodall-Sanford, Inc., v. United Textile Workers of America, A.F.L. Local 1802, 1957, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031.

Association of Bridge, Structural & Ornamental Iron Workers, D.C.W.D.Ky. 1954, 120 F.Supp. 390. The pleadings establish that defendant is a Maine corporation and that plaintiff's members are employees of defendant in the State of Maine. Hence, this Court has no jurisdiction under 28 U.S.C.A. § 1332.

The incidental allegations of jurisdiction under 28 U.S.C.A. §§ 1331 and 1337 are totally dependent upon the applicability of § 301 of the Labor Management Relations Act, supra. Section 1331 confers jurisdiction over actions arising under the laws of the United States; Section 1337 relates to jurisdiction over actions arising under an Act of Congress regulating commerce. This case, as the foregoing opinion indicates, arises neither under a law of the United States nor under an Act of Congress regulating commerce.

In view of the foregoing, defendant's motion to dismiss the action for lack of jurisdiction over the subject matter must be, and it hereby is, granted.