The ITEM COMPANY, Appellant,

v.

NEW ORLEANS NEWSPAPER GUILD,
Appellee.

No. 17129.

United States Court of Appeals
Fifth Circuit.

June 26, 1958.

Rehearing Denied July 30, 1958.

Bernard Marcus, Eberhard P. Deutsch, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

Fred J. Cassibry, New Orleans, La., Cassibry, Jackson & Hess, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal requiring appellant to submit to arbitration the discharge of an employee, Ewing Poteet. It presents under a single specification of error:

> "The court below erred in granting judgment for the Guild, because it lacked jurisdiction to compel arbitration at the instance of the Guild, of an individual grievance of Mr. Poteet under a collective bargaining agreement which had expired before arbitration was demanded."

two questions for review.[1]

---

1. "(1) Does a United States District Court have jurisdiction, under Section 301 of the Taft Hartley Act, of a labor organization's action to compel arbitra-

Appellant recognizes that in three recent decisions,[2] the Supreme Court of the United States has held that Sec. 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, created a new area of federal substantive law; and that the court declared that in this new field of law, rules are to be devised by the federal courts to determine enforceability of collective-bargaining-contract clauses for arbitration of disputes arising "between an employer and a labor organization". Arguing, however, that these decisions do not permit a union, as here, to invoke federal jurisdiction under Sec. 301 to enforce arbitration of a grievance of one of the members of the union who has an adequate remedy of his own, and particularly that Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510 has been neither overruled nor eroded, appellant insists that, under the teachings of that case, the district court was without jurisdiction, and the first question must be answered in the negative.

Answering the second question also in the negative and pointing out that Poteet was discharged on Feb. 30, 1957, and the contract in effect at that time expired by its own terms on April 10, 1957, appellant insisting that the controversy had come to an end and there was nothing left to litigate, cites in support Paterson Parchment Paper Co. v. International Brotherhood, 3 Cir., 191 F.2d 252, a case whose facts and issues are entirely different from those here.

■ We think it plain that appellant, in arguing that the suit is within the prohibition of the Westinghouse case, has misunderstood the demand being made by appellee, has in short misconceived the

nature of its suit, which was filed for the sole purpose of obtaining enforcement of a contract agreement between the Union and employer for arbitration, an agreement existing between union and employees and not employee and employer. The court is not being asked to determine the propriety of Poteet's discharge or to afford him any remedy. Appellee simply requests that appellant perform its obligation which runs to the union and is therefore a union controversy and not one dealing with uniquely personal rights of employees.

Since the decision of the three cases above referred to, the question of whether a union can require an employer to proceed with its contractural obligation to arbitrate grievances is no longer in doubt, and this relief and no other is what is asked in the suit. The contract imposed upon the appellant, among others, the obligation to the union to discharge an employee only for just and sufficient cause, and it also imposed upon it the duty to arbitrate grievances which cannot be settled otherwise.

Appellee has taken the firm position that the discharge was not for such cause and has filed a grievance, as it had a right to do under the terms of the agreement. When the appellant refused to reinstate Poteet, as requested in the grievance, the union exercised its written contractual rights to have the question of whether Poteet was discharged for just and sufficient cause decided by an arbitrator.

In United Steelworkers of America v. Pullman-Standard Car Mfg. Co., 3 Cir., 241 F.2d 547, 551, which was a damage suit filed by an individual and the union to obtain for the individual a restoration of his pension rights, the court very clearly pointed out the difference be-

tion of a dispute as to a grievance, not of the union as such, but of a single employee asserting violation of his individual rights under a collective bargaining agreement which provides for arbitration of union grievances?

"(2) May arbitration of a dispute arising under a collective bargaining agreement be compelled when the demand for

arbitration has not been made until after the contract has expired?"

2. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972; Goodall-Sanford, Inc., v. United Textile Workers of America, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031; General Electric Co. v. Local 205, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028.

tween a union's asking for direct relief for an individual and its seeking to require an employer to abide by the agreement to arbitrate. What was said there is peculiarly apposite here:

"Collective bargaining agreements usually include provisions which regulate the procedure to be followed by the employer and the union inter sese in the handling of grievances and the solving of other labor problems which may arise in the future. Such regulations of the union management relationship in the administration of the process of collective bargaining are obviously a special concern of the Union as an organization and, in that sense, their enforcement is not a matter 'uniquely personal' to the individual employees. True, the subject matter in dispute may or may not be primarily personal to employees. Any agreed grievance procedure may cover controversies ranging from wage disputes to questions of union recognition. But so long as the matter immediately in issue is an alleged obligation to arbitrate, or negotiate or follow some other procedure in administering the collective agreement the union is directly and primarily concerned."

We think the district judge was right in holding that Ewing Poteet's discharge is an arbitrable issue and that the union is entitled to have an arbitration determine whether that discharge was for just and sufficient cause.

■ Largely for the same reasons appellant's second defense, that the contract has expired, also lacks merit. If and when the agreement to arbitrate was breached, the union's cause of action to specifically enforce the agreement to arbitrate arose and continued unaffected

by time until the breach of it was determined and compliance with it ordered.[3]

In addition, it appears that arbitration was requested during the term of the old contract under which the grievance arose. An agreement was not reached on the new contract which was to become effective April 11, 1957, until May 24, 1957, at which time the parties affixed their signatures. Arbitration was requested a second time on May 21, 1957, three days prior to the signing of and actual effective date of the new agreement. Between April 11, and May 24, 1957, the parties had in effect an interim agreement in which they agreed to maintain the terms and conditions of the old contract for an additional ninety days following April 11, 1957. Appellee was therefore entitled to arbitrate the Poteet grievance under the terms of the old, the extended, or the new agreement.

The judgment was right. It is affirmed.

3. Cf. Wilson Bros. v. Textile Workers Union, D.C., 132 F.Supp. 163; Kulukundis Shipping Co., S.A. v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978; R. F. C. v. Harrisons & Crosfield, Ltd., 2 Cir., 204 F.2d 366, 37 A.L.R.2d 1117; Albatross

S.S. Co. v. Manning Bros., D.C., 95 F. Supp. 459; Petition of Prouvost Lefebvre of R. I., D.C., 105 F.Supp. 757; Lane v. Endicott Johnson Corp., 299 N.Y. 725, 87 N.E.2d 450.