INTERNATIONAL UNION, UNITED AU-TOMOBILE, AIRCRAFT & AGRICUL-TURAL IMPLEMENT WORKERS OF AMERICA, UAW, AFL-CIO, and its Local 647, Plaintiffs-Appellants,

v.

TEXTRON, INC., and Union Central Life Insurance Company, Defendants-Appellees.

No. 14926.

United States Court of Appeals Sixth Circuit.

Jan. 31, 1963.

Lowell Goerlich, Washington, D. C., Richard N. Koehler, Hamilton, Ohio, on brief; Harold A. Cranefield, Detroit, Mich., of counsel, for appellants.

Jack G. Evans, Cincinnati, Ohio, Thomas S. Calder, Dinsmore, Shohl, Barrett, Coates & Deupree, Cincinnati, Ohio, on brief, for appellees.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

CECIL, Chief Judge.

This action was begun in the United States District Court for the Southern

District of Ohio, Western Division, by International Union, United Automobile, Aircraft & Agricultural Implement Workers of America, UAW, AFL-CIO, and its Local 647. They are the appellants and will be referred to hereinafter as the Unions. The Unions are unincorporated labor organizations within the meaning of the Labor Management Relations Act, Title 29 U.S.C. § 151 et seq., and represent employees in an industry affecting commerce as defined in the Act.

Textron, Inc., one of the appellees, hereinafter sometimes referred to as the employer, is a corporation organized and existing by virtue of the laws of Rhode Island, employing employees in an industry affecting commerce within the meaning of the Labor Management Relations Act.

The action is brought under Section 301 of the Act and arises out of a written contract between the Unions and The Randall Company, which governed the collective bargaining relationship between the parties hereto. Textron, Inc., in June 1959, acquired all of the assets of the Randall Company and the name of the Randall Company was changed to The Randall Company, Division of Textron, Inc. Textron, Inc. assumed all of the obligations of the agreement and for the purposes of this action it is an agreement between Textron and the Unions.

The agreement in question provided for a pension plan for employees. The Union Central Life Insurance Company, one of the defendants in the District Court, was the trustee or insurance company to whom payments or contributions were to be made by the employer. At the time the action was started, the fund under its control was in excess of $250,000.

On November 16, 1959, the employer gave notice of termination of the contract and pension plan. Section 2 of Article VIII of the Plan outlined the method and procedure to be followed in the event the pension plan was terminated. It provided that the assets of the fund should be first allocated to the expenses of administration or liquidation and thereafter for pension purposes to employees, who were divided into four groups or classifications. The employees were given preferential standing in the allocation of the trust fund assets, to the extent of the sufficiency of the funds, and according to the classification for which particular employees were qualified. If the assets of the trust fund were insufficient to fully pay the pensions of all of the employees in the first class, then reductions were to be made by the actuary in a uniform manner.

The Unions charge that the employer has refused to execute the provisions of the contract for the termination of the pension plan. They seek an adjudication in the District Court of the rights of the employees under the contract.

Counsel for the employer contend that the subject of the action involves peculiarly personal rights of the individual members of the Union and that the District Court did not have jurisdiction under the Labor Management Relations Act to hear and determine the case. The District Judge dismissed the action on motion of counsel for the employer. This appeal followed.

The question presented is whether Section 301 of the Act (Sec. 185, Title 29 U.S.C.) confers federal jurisdiction upon the District Court to entertain the action. Subdivision (a) of that section provides, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

In Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 488, 99 L.Ed. 510 (1955), the court held that section 301 did not confer jurisdiction on a federal court over a suit brought by the union against the employer to recover one day's lost wages for four thousand employees. The court took

the position that the employees' claims for wages arose out of separate hiring contracts between the employer and employees and not from the collective bargaining agreement between the employer and the union. The court considered that there was no federal substantive law to apply to such suits and that they would necessarily be governed by the substantive law of the state in which the court was sitting. The court held that the legislative history of section 301 did not indicate that Congress intended to confer jurisdiction on the federal courts in such cases and it therefore concluded that no such jurisdiction was conferred on the courts by the enactment of the section. The basic concept underlying this decision is that there was no federal substantive law by which such cases could be determined.

In 1957, the Supreme Court decided that under section 301 collective bargaining agreements were equally binding and enforceable against both the union and the employer. The court further decided that the substantive law which federal courts were to apply in the enforcement of collective bargaining agreements was federal law which the courts must fashion from the policy of our national labor laws, and that section 301 authorized the creation of such a body of federal law. Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972. See also: General Electric Co. v. Local 205, United Electrical, Radio and Machine Workers of America, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028; Lewis et al., Trustees, v. Benedict Coal Corp., 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442.

Since Lincoln Mills, above cited, the court has consistently held that section 301 confers jurisdiction on the federal courts to hear and determine controversies arising out of collective bargaining agreements between unions and employers where employees affecting interstate commerce are involved; that state courts have concurrent jurisdiction with federal courts and that federal substantive law is to be applied in both state and federal courts. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; Charles Dowd Box Co., Inc., v. Courtney et al., 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483; Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593; Atkinson et al. v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462.

In a recent case (Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 1267) an employee who was a member of the Newspaper Guild of Detroit, a labor organization, individually and as assignee of forty-nine other similar employees, sued the employer for breach of a collective bargaining agreement between the Newspaper Guild and the employer. The subject of the suit was to collect wages in the form of damages.

This suit was brought in a state court in Michigan. The Supreme Court of that state sustained the trial court in a dismissal of the action. 362 Mich. 350, 106 N.W.2d 785. The Supreme Court of the United States granted certiorari. 369 U.S. 827, 82 S.Ct. 843, 7 L.Ed.2d 793.

The court upheld the action brought by the petitioner and his assignors, as individuals, and held that the case must be determined according to federal substantive law. In reference to Westinghouse, the court said at p. 199, 83 S.Ct. at p. 269: "However, subsequent decisions here have removed the underpinnings of Westinghouse and its holding is no longer authoritative as a precedent."

The court further said at p. 200, 83 S.Ct. at p. 270: "The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived. The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims

lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based. To exclude these claims from the ambit of § 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do."

We conclude that the opinion of the court in this case is decisive of the case now before us.

There is further substantial reason why the District Court should have assumed jurisdiction over the controversy in this case under section 301. The cause of action stems from a complex provision of the collective bargaining contract with reference to pensions of the employees. It involves an interpretation of the collective bargaining agreement between the employer and the Unions. Whatever rights the employees have to individual benefits grow out of that contract. As heretofore stated the employees are divided into four classifications. No one member of class one could recover an individual benefit without bringing before the court facts as to the amount of the fund for allocation, the number to participate and the extent to which the fund would apply to the specified purposes of the first class. If class one did not exhaust the fund then the process would have to be continued on down through the second, third and fourth classes, until the entire fund was consumed. Only an action between the employer and the Unions could bring all phases of the litigation before a court.

Assuming it may be argued that Westinghouse has not been overruled, it can be distinguished from the case at bar. The employees here have no such clearly defined right as a contract for the payment of wages by an employer.

Having concluded that the action is properly brought under section 301 of the Labor Management Relations Act, it is not necessary to determine whether the court had jurisdiction under sections 1331 or 1337, Title 28, U.S.C.

The judgment of the District Court is reversed and the case remanded with instructions to the district judge to assume jurisdiction over the cause of action set forth in the amended complaint.