**4**

LOCAL UNION NO. 641 OF AMALGA-
MATED BUTCHER WORKMEN, an
unincorporated association, Plaintiff,

v.

CAPITOL PACKING COMPANY, a Colo-
rado corporation, Defendant.

Civ. A. No. 7591.

United States District Court
D. Colorado.

Feb. 1, 1963.

Philip Hornbein, Jr., Roy O. Goldin, Denver, Colo., for the plaintiff.

Zarlengo, Zarlengo & Seavy, Denver, Colo., for the defendant.

DOYLE, District Judge.

This matter comes before the Court on a motion to dismiss the supplemental complaint for lack of jurisdiction, failure to state a claim upon which relief can be granted, and failure to join indispensable parties.

The supplemental complaint seeks to compel payment of a sum of money to the trustees of a trust fund designed to

provide life, health and accident insurance for employees under Article 29 of a collective bargaining agreement between the plaintiff and defendant said to be owing from November 1, 1961, the date stated in the agreement, to October, 1962, when the trust fund was finally established, (in compliance with an order of this Court).

Section 301(a) of the Labor Management Relations Act, Title 29 U.S.C. § 185 (a), provides as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

1. The defendant argues that an action to compel payments into the trust fund does not fit the terms of Section 301(a). The cases cited in support of defendant's position are based on Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510. This has been expressly overruled by the Supreme Court in Smith v. Evening News Association, 371 U.S. 195, 200, 83 S.Ct. 267, at 269 (1962).

Even before the Smith v. Evening News Association decision the Westinghouse holding had been limited to those peculiarly personal rights which arise from the individual contract between the employer and employee so as to not cover a "cause of action or remedy that appropriately pertains to the union as an entity, particularly one which an individual employee may have no equal power to enforce." Local 205, etc. v. General Electric Company, 233 F.2d 85 (1 Cir., 1956), at 100, affirmed 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028; Council of Western Electric Technical Employees-National v. Western Electric Company, 238 F.2d 892 (2 Cir., 1956). See also United Steelworkers of America v. New Park Mining Co., 273 F.2d 352 (10 Cir., 1959).

In Smith v. Evening News Association, the Court declared:

"The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived. The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based. To exclude these claims from the ambit of § 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do." 371 U.S. 195, at 200, 83 S.Ct. 267, at 270.

In the light of this pronouncement it can not be concluded that this court lacks jurisdiction to grant relief on the supplemental complaint.

2. The second argument of defendant is that the supplemental complaint has not been filed by the real party in interest; that the trustees are the ones affected and that the supplemental complaint must therefore be dismissed for failure to join indispensable parties.

Who are necessary and indispensable parties is discussed in 3 Moore's Federal Practice ¶ 19.07, quoting Mr. Justice Curtis in Shields v. Barrow, 17 How.

129, 130, 15 L.Ed. 158 (1854): "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree can not be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and in good conscience" are indispensable parties. It is further stated therein, ¶ 19.08, at 2157: "If claimants to a fund are adequately represented by a party to the action, they are not indispensable."

There is authority to the effect that trustees of an employees' welfare fund, such as the one in question, are indispensable parties. United Mine Workers of America, District 22 v. Roncco, 204 F.Supp. 1 (D.C.Wyo.1962); International Ladies' Garment Workers' Union, AFL v. Jay-Ann Company, 228 F.2d 632 (5 Cir., 1956). However, there is also authority to the contrary; United Construction Workers, Division of District 50, United Mine Workers of America v. Electro Chemical Engraving Co., 175 F.Supp. 54 (S.D.N.Y.1959), wherein it was said:

> "As to the contention that the plaintiff is not the real party in interest because control of the fund has been granted to the trustees of the fund, that contention is without merit. It has long been established that a party to a contract may sue thereunder for the benefit of a third person. 3 Moore, Federal Practice, ¶ 17.13, p. 1370 (2d ed.). It is evident that plaintiff has an important interest in the enforcement of the contract provisions with reference to the welfare funds. It is entitled to protect that interest." 175 F.Supp. 57.

Here the plaintiff, union, is attempting to obtain specific performance of provisions of a collective bargaining agreement to which it was a signatory. At common law it was well settled that an action on a contract should be brought in the name of the party in whom legal interest in such contract is vested. 17 C.J.S. Contracts § 518b. Frequently, however, a suit in equitable proceedings has now been permitted to be brought by a third party beneficiary. However, in the absence of a statute requiring that the suit be brought in the name of the real party in interest, 17 C.J.S. Contracts § 519c., there is no reason why a third party beneficiary should be required to be joined as plaintiff.

The effect of Rule 17(a), Federal Rules of Civil Procedure, requiring that actions be prosecuted in the name of the real party in interest, has been discussed in 3 Moore's Federal Practice, ¶ 17.13 (2d ed.):

> "At common law an action on a contract might, and in most cases must, be brought by a party to it. It is clear, therefore, that the person named in this section is a real party in interest. Precisely as in the case of the executor, administrator, guardian, trustee of an express trust, the inclusion of the clause under discussion is explained upon the ground of caution. The inclusion was to make clear that a party with whom or in whose name a contract had been made for the benefit of another was not to be deprived of his common law right because another was the beneficial owner, and also to make certain that he need not join the beneficial owner. In accordance with the express wording of the provision 'a party with whom or in whose name a contract has been made for the benefit of another' may sue in his own name, and need not join the third party beneficiary."

This comment has been favorably applied by the Court of Appeals for the Tenth Circuit: Prudential Oil & Minerals Company v. Hamlin, 10 Cir., 277 F.2d 384.

The avowed legislative purpose of Section 301 of the Labor Management

Relations Act was to permit unions to sue and be sued in their own name for violations of collective bargaining agreements. In view of the general policy enunciated in Smith v. Evening News Association, supra, that individual rights and benefits were a major focus of the negotiation and administration of collective bargaining agreements and the conclusion that such rights were intended to be considered by federal courts in their determination of substantive law for the enforcement of collective bargaining agreements, Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), it would frustrate the general legislative purpose in passing section 301 for this court to refuse to entertain the issues posed by the supplemental complaint.

There are considerations justifying a dismissal of a case brought by the union to enforce payments into a United Mine Workers Welfare fund. This is a national fund into which many employers pay money, and the failure of one to pay adversely affects the rights of other employers and employees whose interests may be represented by only the trustees of the fund. These considerations are not present here. In this case both employers and employees, as represented by the union, are the only parties whose interests are in controversy. The effort here is to get the plan off of the ground, so to speak, and not to enforce payments to an established fund. There is, therefore, no opportunity for interests not before the court to be adversely affected by a decision herein. Furthermore, the supplemental complaint is based upon a promise to pay funds as designated in the collective bargaining agreement prior to the time that the welfare fund was set up and the trustees designated. The union has a genuine and a substantial interest in the matter at hand. United Steelworkers of America v. New Park Mining Co., 273 F.2d 352 (10 Cir., 1959). Indeed, the union may well be the only party to the contract who can specifically enforce this obligation. It is, therefore,

Ordered that the defendant's motion to dismiss be, and is hereby denied.