**ROYAL INDUSTRIAL UNION, LOCAL 937, UAW–AFL–CIO, Plaintiff,**

v.

**ROYAL McBEE CORPORATION, Defendant.**

**No. 9703.**

United States District Court
D. Connecticut.

May 8, 1963.

William S. Zeman, Zeman, Daly & McNamara, Hartford, Conn., for plaintiff.

José M. Calhoun, Shipman & Goodwin, Hartford, Conn., for defendant.

CLARIE, District Judge.

This is a plaintiff's motion for an order to modify and correct an arbitration award pursuant to the United States Arbitration Act, 9 U.S.C.A. §§ 1–14. The plaintiff alleged that jurisdiction of the matter was obtained under 9 U.S.

C.A. § 11, which allegation was denied in the defendant's answer.

The pleadings incorporated a copy of the collective bargaining contract between the plaintiff union and the defendant employer. The defendant's admission of paragraphs 2, 3, and 4 of the complaint established agreement of the parties on all issues, except the question of the Court's jurisdiction and the validity of the form of the alleged award. No affidavits were filed by either party and no evidence was offered, except a copy of the arbitrator's award and opinion, identified as defendant's Exhibit "1".

The labor contract incorporated in the pleadings indicates that the moving petitioner is the Hartford Local Union #937 of the United Automobile, Aircraft and Agricultural Implement Workers of America, UAW-AFL-CIO, and the defendant employer a New York State corporation doing business in Connecticut and manufacturing and distributing on a nationwide basis, the Royal typewriter. The business obviously involves an industry engaged in interstate commerce of which fact this Court will take judicial notice.

■ The United States Arbitration Act is not a statute which confers jurisdiction itself. It does provide an additional procedure and remedy available in the federal courts, where jurisdiction already exists. Mengel Co. v. Nashville Paper Products & Specialty Workers Union, 221 F.2d 644 (6 Cir. 1955).

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any court of the United States *which, save for such agreement would have jurisdiction under the judicial code at law*, in equity, or in admiralty of the subject matter of a suit arising out of the controversy between the parties * * *". 9 U.S.C.A. § 4.

"The text is entirely clear that the court must be one, 'which, save for such agreement, would have jurisdiction * * * of the subject matter.'" Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 62 F.2d 1004, 1006.

Thus, prior to the adoption of § 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C.A. § 185, it was necessary for a petitioner under the Arbitration Act, to establish three essential elements in order to qualify for jurisdiction in the federal court; namely, diversity of citizenship, proper minimum amount in controversy, and the matter must relate to maritime transactions or interstate commerce. San Carlo Opera v. Conley, 72 F.Supp. 825 (D.C. S.D.N.Y.1946).

While paragraph 1 of the plaintiff's motion bases the Court's jurisdiction on 9 U.S.C.A. § 11,[1] an untenable ground, the Court having sufficient facts before it, will determine on its own initiative whether or not jurisdiction does exist in this Court on any grounds. In other words, except for the arbitration provision in the collective bargaining agreement, would this Court have jurisdiction of the subject matter in controversy under Title 28 or any other provision of the judicial code?

The admitted facts in the pleadings do not establish the usual federal jurisdictional essentials of amount in controversy, 28 U.S.C.A. § 1331(a) and diversity of citizenship, § 1332(c). The Court must therefore look elsewhere in the federal judicial code of law to determine the question.

---

1. "In either of the following cases the United States Courts in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—

"(a) Where there was * * * an evident material mistake in the description of any person, thing, or property referred to in the award. * * *

"(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

"The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

Section 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C.A. § 185, provides in part:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. * * *

"(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) * * * or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

 This dispute stems from an award[2] made by an arbitrator pursuant to the collective bargaining agreement existent between the parties. The primary question for purposes of jurisdiction is, whether or not the alleged improper discharge and/or lay-off of a member of the plaintiff union constituted such a violation of contract between the parties, that except for the arbitration provision of the contract, it could have been the subject matter of a suit within the purview of § 301 supra. If such is the case, then jurisdiction is established without respect to the amount in controversy and without regard to the citizenship of the parties, as the statute so explicitly provides.

"Section 301 has been applied to suits to compel arbitration of such individual grievances as rates of pay, hours of work and wrongful discharge, Textile Workers v. Lincoln Mills, supra [353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972]; General Electric Co. v. Local 205, UEW, 353 U.S. 547 [77 S.Ct. 921, 1 L.Ed. 2d 1028]; to obtain specific enforcement of an arbitrator's award ordering reinstatement and back pay to individual employees, United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 [80 S.Ct. 1358, 4 L.Ed.2d 1424]; * * *.

"The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived. The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. * * * To exclude these claims from the ambit of § 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do." Smith v. Evening News Ass'n, 371 U.S. 195, 199, 83 S.Ct. 267, 270, 9 L.Ed.2d 246 (October 1962).

The Court finds that § 301 supra (29 U.S.C.A. § 185) establishes this Court's jurisdiction of the parties and the subject matter of the controversy; and the United States Arbitration Act, 9 U.S.C.A. §§ 1–14, thus becomes an available remedy.

2. "1. The grievance upon which the Union's Demand for Arbitration herein is based and grounded, to wit, that 'On or or about January 12, 1962, the Company improperly discharged and/or laid off Edward Ginalski, Department 3, in violation of the Contract of January 15, 1960, including but not limited to Article I, Section .2 and Article IX, Sections 2, 3, 6

and 8,' was settled by the parties on March 16, 1962.

"2. The terms and provisions of the settlement were that the said Edward Ginalski was to be recalled in accordance with his seniority to the first job on which he could perform.

"3. The said settlement was a final, binding and conclusive disposition of the grievance of Edward Ginalski

■ It is the petitioner's claim that paragraph 4 of the arbitrator's award contradicts the first three paragraphs, because the latter constitute an award in favor of the petitioner, while paragraph 4 states in substance that no grievance existed on which an award could be founded. It reads:

"The said grievance, accordingly, should be and hereby is, in all respects denied and dismissed."

This question become important to the petitioner because, as its counsel openly states, if the first three paragraphs are established as a valid award, the plaintiff may then bring suit in Court to enforce the award. However, if the arbiter's decision remains in its present form, then the grievance has been dismissed and there is nothing to enforce.

The arbitrator's award or finding is clear and apparent on the record. The disputed issue concerning one, Edward Ginalski, was submitted on November 14, 1962 to arbitration pursuant to an existing collective bargaining agreement between the parties. The award was made February 15, 1963.

In substance it found that the grievance upon which the plaintiff's demand was founded had been voluntarily settled between the parties on March 16, 1962, prior to the matter's having been submitted for arbitration. Thus, there was no grievance, controversy or dispute existent on November 14, 1962 to be acted upon by him. There is nothing obscure or ambiguous in the arbitrator's findings.

It is not within the province of the Court, nor was it the intention of the petitioner that the Court review the merits of the award itself.

"The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of set-

tling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424.

Whether or not the second paragraph of the March 16, 1962 settlement has been complied with by the defendant could well become the subject of a dispute between the parties requiring further arbitration procedures.

The Court finds that the arbitrator's award is simply a dismissal of the grievance. It requires no modification or correction to effect his intent or promote justice between the parties. The plaintiff's motion is denied.

upon which the Union's Demand for Arbitration herein is grounded and based.

"4. The said grievance, accordingly, should be and hereby is, in all respects, denied and dismissed.