Abdullah Ahmad BEY et al.

v.

Francis H. MULDOON et al.

Civ. A. No. 30789.

United States District Court
E. D. Pennsylvania.
May 9, 1963.

Dorfman, Pechner, Sacks & Dorfman by Bernard Sacks, for Benjamin Hicks, Harry Pintozzi and others, plaintiffs.

Kelly, Deasey & Scanlan, William R. Deasey, Philadelphia, Pa., for defendants, Francis H. Muldoon, Alfred Corry, Stuart J. Sobelman, Trustees, Robert G. Kelly, Philadelphia Marine Trade Assn.

Wolf, Block, Schorr & Solis-Cohen, Michael L. Temin, Philadelphia, Pa., At-

torneys for defendant, Broad Street Trust Co.

Freedman, Landy & Lorry, Abraham E. Freedman, Marvin I. Barish, Philadelphia, Pa., Attorneys for defendants International Longshoremen's Assn., Local Union No. 1291, Richard L. Askew and Abraham E. Freedman.

JOSEPH S. LORD, III, District Judge.

This action involves a claim by certain longshoremen to a fund created pursuant to the collective bargaining contract between their union, I.L.A. Local 1291, and an employer association, Philadelphia Marine Trade Association (P. M.T.A.). Plaintiffs, sugarworkers, claim that although the intention of the collective bargaining agreement was that the fund was to be used to compensate them for lost employment opportunities due to technological improvements in the handling of bulk sugar, the fund has been diverted and is now to be used to benefit all longshoremen. Defendants are P.M.T.A., Local 1291, a bank in which the funds are deposited, and various individuals.

The case was previously before us on motion of the union and two individuals to dismiss. On June 26, 1962, we denied that motion, 217 F.Supp. 401 (E.D.Pa., 1962), holding that the fund as then constituted was not in compliance with § 302(c) (5), of the Labor Management Relations Act (L.M.R.A.), 29 U.S.C.A. § 186(c) (5), since there was no trust agreement in existence complying with that Section. Holding that the absence of a trust agreement violated 29 U.S. C.A. § 186(c) (5), it followed that plaintiffs had stated a federally cognizable cause of action, and we therefore denied defendants' motion to dismiss for lack of jurisdiction.[1]

Thereafter, on July 19, 1962, a formal written trust agreement was executed by representatives of P.M.T.A. and the union, and on September 20, 1962, defendants filed a second motion to dismiss, attaching a copy of the trust agreement. The basis of this second motion was that the violation of § 302(c) (5) had been cured and that therefore the basis for federal jurisdiction had disappeared. Following the argument of this motion on December 18, 1962, plaintiffs, with leave of court, filed an amended complaint alleging jurisdiction under § 301 of the L.M.R.A., 28 U.S.C.A. § 185. It was agreed that defendants' previous objections to jurisdiction would be equally applicable to this amended complaint. Thus, defendants' motion to dismiss for lack of jurisdiction is now ripe for disposition.

Plaintiffs are here seeking to enforce the provisions of Section 13(d) of the collective bargaining agreement between P.M.T.A. and the union which provides in part:

"* * * Should a system of royalties be determined between the parties hereto as an appropriate method of compensating longshoremen who may lose job opportunities as a result of technological advancements, then the amount of such royalty shall be predicated upon the royalties paid for the same or a similar device in the Port of New York, provided that the amount of the royalty shall be in proportion to the royalty paid in New York as the reduction in the number of men employed bears to the reduction in the number of men employed in the Port of New York."

Plaintiffs contend that proper enforcement of this clause would limit the use of the fund to sugarworkers. Defendants, on the other hand, argue that it was intended for all longshoremen. The merits of these respective positions are not now before us. We have only to de-

---

1. Plaintiffs also sought certain specific relief in the form, inter alia, of a decree that only sugarworkers were entitled to share in the fund. Finding a basis for federal jurisdiction in the violation of § 302(c) (5), it was unnecessary to pass on neither the validity of these other claims at that time, nor whether their assertion afforded federal jurisdiction, there being no diversity.

cide whether plaintiffs assert a claim which may be pursued in a federal court.

Section 301(a) of the L.M.R.A. provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Thus, it is beyond doubt that under the specific wording of § 301 itself, a district court of the United States is a proper tribunal for the assertion of claims within the scope of the Section without regard to diversity considerations. The only remaining question, then, is whether this suit by employes is such a claim. We hold that it is.

In Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed. 2d 246 (1962), a union member sued his employer for alleged breach of the contract between the employer and the union. The lower court sustained a motion to dismiss. The Supreme Court reversed. The Court said, 371 U.S. at page 200, 83 S.Ct. at page 270:

"* * * The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived. The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based. To exclude these claims from the ambit of § 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do. * * *"

See also: Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); General Electric Co. v. Local 205, United Electrical Etc., 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028 (1957); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S. Ct. 1358, 4 L.Ed.2d 1424 (1960); Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962) and Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed. 2d 462 (1962).

In that same opinion, the Court disposed of defendants' present contention that Section 301 gives no authority for an employe to sue his union. In Smith, the Court said, 371 U.S. at page 200, 83 S.Ct. at page 270:

"* * * The same considerations foreclose respondent's reading of § 301 to exclude all suits brought by employees instead of unions. The word 'between,' it suggests, refers to 'suits,' not 'contracts,' and therefore only suits between unions and employers are within the purview of § 301. * * * Neither the language and structure of § 301 nor its legislative history requires or persuasively supports this restrictive interpretation, which would frustrate rather than serve the congressional policy expressed in that section. * * *"

If an employer is subject to suit certainly the union, a party to the contract, and those individuals administering the fund set up pursuant to the contract are logical parties to a suit which will of necessity interpret that contract. To exclude them "would frus-

trate rather than serve the congressional policy expressed in that section." 371 U.S. at 200, 83 S.Ct. at 270.

We hold, therefore, that plaintiffs' suit is one within the ambit of § 301 and is properly brought in a federal district court.

We notice only briefly defendants' contention that plaintiffs have not exhausted their remedies within the union under its Constitution and Bylaws. Aside from the fact that neither of those documents is a part of the record before us, it is apparent that the employer, a contract signatory, is a necessary party if that agreement is to be enforced. Obviously, to pursue an internal remedy in the union not binding upon the employer would be futile. And the collective bargaining agreement itself provides that the grievance procedure is not applicable to disputes under paragraph 13(d), the paragraph here involved.

Plaintiffs continue to assert that, aside from the fact that the Trust Agreement wrongfully purports to use the fund for the benefit of all longshoremen, rather than for sugarworkers alone, the Agreement even as drawn, fails to comply with § 302(c) (5). However, as we have previously pointed out, this is a motion to dismiss. We need only determine whether plaintiffs are properly here, and the merits of the claim under § 302(c) (5) are no more before us than are the merits of the claim under § 301. Having held that plaintiffs are properly in court under § 301, we need only note that they are also properly here by virture of their assertion of a § 302(c) (5) claim. The merits of each will be left for later determination. The motion to dismiss is denied.

Still pending is a motion of plaintiffs to add as defendants two individuals who were named as union trustees. The only objection to such joinder was on the ground that the action should be dismissed, and since that matter has been for the time decided adversely to defendants, the motion to join will be granted.

