Mel WARSHAW, Edith Warshaw and
Mary Namrow, Appellants,

v.

**LOCAL NO. 415, INTERNATIONAL
LADIES' GARMENT WORKERS'
UNION, AFL–CIO, Appellee.**

No. 20491.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1963.

Joseph A. Perkins, Miami, Fla., for appellants.

Robert Cohn, Atlanta, Ga., Herbert L. Kaplan, Orr & Kaplan, Miami, Fla., for appellee.

Before RIVES, JONES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

This suit originated as an action under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to enforce an arbitrator's award. The arbitration arose under a collective bargaining agreement entered into between the plaintiff union and the Florida Apparel Manufacturers' Association, of which the defendant Mel Warshaw, Inc., was an employer member. The arbitrator found "Mel Warshaw, Inc.," to be in violation of the agreement for failure to pay certain monies into the Union Health and Welfare Fund, and directed it to pay to the fund the amount due. The union then filed this suit seeking to enforce the award, but named as defendants, in addition to Mel Warshaw, Inc., the individual defendants Mel Warshaw, Edith Warshaw and Mary Namrow, who are officers and/or directors of the defendant corporation. Both the plaintiff and the defendants moved for summary judgment, which was granted against all of the named defendants. This appeal is prosecuted by the natural defendants, the corporate defendant not being a party to the appeal.

The collective bargaining agreement states that it is binding upon the officers, directors, and stockholders of each of the corporate employers and that they are individually liable for past due contributions to the fund. Nevertheless, the appellants argue that they cannot be joined as defendants in this action because the arbitrator's award directed only the defendant corporation to pay the sum into the fund, and to enforce the award against the appellants would be to alter the terms of the award. However, if the appellants are in fact jointly and severally liable for the breach of the corporation, the arbitrator's finding of the corporation's liability would be likewise a finding of liability of the appellants for purposes of enforcement. The district court had the power to pass on the question of whether the appellants were in fact parties to the agreement without the arbitrator having ruled thereon. United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409.

■ Although the agreement recites that it is binding on the officers and directors of the employer members, the appellants insist that they are not parties to the agreement and cannot be held to it. Absent some principal-agent relationship between the association of employers and the appellants, it is clear that the appellants are not bound by the agreement unless they have expressly or impliedly ratified it. Compare Di Gisi v. Konhein, Sup.Ct.N.Y.1958, 34 CCH Lab. Cas. Para. 71,418; Lewis v. Cable, W.D. Pa.1952, 107 F.Supp. 196; Hann v. Nored, Or.1963, 378 P.2d 569, 574–575. There is nothing in the record of this case to indicate that either the association or the corporate defendant had the power to so bind the appellants, nor is there evidence of express or implied ratification of the agreement by the appellants. The only signatures to the agreement were those of the association by its president and the union by its manager and its president. There is no evidence as to whether appellants were officers and/or directors of the defendant corporation at the time the agreement was ratified by it, nor evidence as to the circumstances of the corporation's ratification. With the record in such a condition it was clearly erroneous for the district court to grant summary judgment for the plaintiff.

■ Despite appellants' contentions to the contrary, a Union Health and Welfare Fund does not violate section 302 (c) (5) of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c) (5), merely because non-union employees must pay certain administrative costs within a time limit in order to receive

benefits from the fund. See Annot., 88 A.L.R.2d 493, 522–24 (1963). The appellants assert that the trustees and the individual employees who are beneficiaries of the fund are indispensable parties to a section 301 suit based on the recovery of payments to a health and welfare fund. Although it was once held that, in accordance with Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 1955, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, section 301 does not give federal courts jurisdiction over the subject matter of suits brought by a union to enforce personal rights of employees, such as the right to employer contributions to a health and welfare fund, see International Ladies' Garment Workers' Union v. Jay-Ann Co., 5 Cir. 1956, 228 F.2d 632, 633, the Supreme Court recently ruled to the contrary. Smith v. Evening News Association, 1962, 371 U.S. 195, 198–200, 83 S. Ct. 267, 9 L.Ed.2d 246. In that case, however, the Court dealt only with the extent to which section 301 confers jurisdiction over the subject matter and did not pass on the procedural question of whether the trustees of a health and welfare fund are the real parties in interest in a suit to compel employee payments to the fund. This Court held the trustees to be indispensable parties to such a suit in the Jay-Ann case, supra, 228 F.2d at 636. Accord, United Mine Workers of America v. Roncco, 10 Cir. 1963, 314 F. 2d 186, 187; cf. Fitzgerald v. Haynes, 3 Cir. 1957, 241 F.2d 417, 419–420; Lewis v. Quality Coal Corp., 7 Cir. 1957, 243 F.2d 769, 772–773. We realize that two district court cases, United Construction Workers, etc. v. Electro Chemical Engraving Co., S.D.N.Y.1959, 175 F.Supp. 54, 57, and Local Union No. 641 of Amalgamated Butcher Workmen v. Capitol Packing Co., D.Colo.1963, 32 F.R.D. 4, 6–7, have reached the opposite conclusion. The Capitol Packing Co. case, however, is now controlled by the Tenth Circuit's decision in Roncco, supra. Moreover, the Capitol Packing Co. case stated that the trustees might be indispensable where, as in the instant case, the fund includes contributions by employers other than the defendant and where the fund was already established before the agreement in controversy became effective. Both of the district court cases relied on Rule 17(a) of the Federal Rules of Civil Procedure, which states that a party in whose name a third-party beneficiary contract has been made may sue in his own name without joining the beneficiary. See 3 Moore, Federal Practice, Par. 17.13 at 1370 (2d ed.). But these cases failed to take into consideration the fact that a collective bargaining agreement relating to health and welfare funds is not a typical third-party beneficiary contract and is not necessarily governed by the procedural rules normally applied to them. See Lewis v. Benedict Coal Corp., 1960, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed. 2d 442.

Because of the failure to prove ratification by the appellants, and the further failure to join the trustees, the judgment is reversed and the cause remanded.

Reversed and remanded.