**FIELDING et al. v. ALLEN et al.**

United States District Court
S. D. New York.
March 21, 1949.

Boehm & Fischman, New York City (Hays, Podell, Algase & Feuer, New York City, Mortimer Hays and Mortimer Feuer, New York City, of counsel), for plaintiff.

Moroney & Ettinger, New York City (Harry L. Ettinger, New York City, of counsel), for applicants for intervention.

Simpson, Thacher & Bartlett, New York City, for defendant.

KAUFMAN, District Judge.

Stockholders of the defendant corporation apply to intervene in a derivative stockholder's action. The original complaint was filed on December 24, 1948. The proposed complaint of the intervenors adds no new matter; it is for all purposes a verbatim copy of the original complaint. The proposed intervenors urge (a) that they be permitted to intervene as of right pursuant to Rule 24(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the representation of the interests of the applicants by the existing plaintiff is or may be inadequate and that they will be bound by the judgment, and (b) that as a matter of discretion they should be permitted to intervene under Rule 24(b) (2) on the ground that the claim of the applicants and the main action have common questions of law and fact, and intervention will not unduly de-

lay or prejudice the adjudication of the rights of the original parties.

█ The papers fail to indicate any facts tending to show that the representation by the existing plaintiff is or may be inadequate. The application to intervene, as a matter of right, is denied. Kind v. Markham, D.C., 7 F.R.D. 265; 2 Moore's Federal Practice, § 24.07, p. 2333 (1938 Ed.)

█ Insofar as the application to intervene is addressed to the discretion of the court, it is significant that the proposed complaint of the intervenors asserts no claim in addition to those presented by the original complaint and there is no showing that the corporation would be benefited in any way, or that the action would be more effectively conducted, if this application were granted. In the circumstances, there seems no sufficient reason for allowing applicants to intervene by another attorney. If the applicants agree to bear their ratable proportion of the expenses of the litigation, they may be made co-complainants, appearing by attorney and counsel now representing the original plaintiff. Bowker v. Haight & Freese Co., C.C., 140 F. 794.

The motion to intervene under Rule 24 (b) is denied, without prejudice to renewal upon a showing that the applicants are willing to comply with the conditions herein set forth.

Settle order on notice.