UNITED CONSTRUCTION WORKERS, DIVISION OF DISTRICT 50, UNITED MINE WORKERS OF AMERICA, Plaintiff,

v.

ELECTRO CHEMICAL ENGRAVING COMPANY and Etched Products Corporation, Defendants.

United States District Court
S. D. New York.
July 20, 1959.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff, Burr F. Coleman, New York City, of counsel.

Barron, Rice & Rockmore, New York City, for defendants, George P. Halperin, Jerome L. Reinstein, New York City, of counsel.

DAWSON, District Judge.

This is a motion by defendants for an order, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C. A., dismissing the action on the ground that the Court does not have jurisdiction of the subject matter and dismissing the complaint on the ground that plaintiff fails to state a claim upon which relief can be granted.

The basic action is a suit by a labor union against two employer corporations (parent and subsidiary) to recover unpaid contributions to welfare and pension funds which are now allegedly due and owing from defendants under certain collective bargaining agreements and welfare and pension agreements duly entered into by plaintiff and defendants.

At the outset, it should be observed that jurisdiction in this action does not rest upon diversity of citizenship. In its third numbered paragraph the complaint asserts that jurisdiction of the United States District Court is based on § 301 of the Labor Management Relations Act of 1947, Title 29 U.S.C.A., § 185. Defendants contend that the subject of this action does not fall within § 301 and therefore move for the relief mentioned above.

The basic issue in this motion is whether the relief sought by plaintiff in its complaint is a proper subject under § 301 of the Labor Management Relations Act of 1947.

The pertinent provision of § 301 provides as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Plaintiff maintains that the relief which it is seeking in the basic action arises under its contract as a labor organization with an employer. The defendants maintain that recent judicial pronouncements take the subject of this lawsuit beyond the scope of § 301.

Defendants' principal reliance is upon the case of Association of Westinghouse Salaried Emp. v. Westinghouse Elec. Corp., 1955, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510. This was an action under § 301 wherein an unincorporated labor organization brought suit against a Pennsylvania corporation to enforce a collective bargaining agreement between them. Petitioner alleged that it was representative of a group of respondent's employees and that respondent had violated its agreement by refusing to pay 4,000 of them for work on one day when they were absent. It asked the court to interpret the contract, declare the rights of the parties, compel respondent to make an accounting and enter judgment for the unpaid wages against respondent and in favor of the individual employees who were not made parties to the suit. In a lengthy opinion, including two concurring opinions, the Supreme Court held that the federal court did not have jurisdiction of the suit. A very careful reading of this decision indicates that the rationale of the majority opinion is summarized in the concurring opinion of Mr. Chief Justice Warren and Mr. Justice Clark. It was the teaching of this case that § 301 did not grant to unions the right to enforce in a federal court a *uniquely personal right* of an employee for whom it had bargained. Rather, the majority felt that § 301 gave to the United States District Courts jurisdiction to hear claims

for relief on behalf of employees, as a unit, arising under contracts.

This limitation on § 301 was further supported in this circuit in Council of Western Electric Technical Emp.—National v. Western Electric Co., 2 Cir., 1956, 238 F.2d 892, wherein Hand, C. J., stated that the Westinghouse case only held that a district court did not have jurisdiction of an action by a union on behalf of its members against their employer. However, the court held that if the union sought relief on behalf of the entire organization rather than as a representative of employees seeking to enforce a uniquely personal right, then the former would "arise" under a law of the United States, namely, § 301.

A similar view was expressed in the First Circuit in Local 205, United Elec. Radio and Mach. Workers of America (U. E.) v. General Electric Co., 1 Cir., 1956, 233 F.2d 85, 100, affirmed 1957, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028, wherein Chief Judge Magruder stated:

> "However, the effect of the Westinghouse holding, reflected in all the opinions of the majority justices, was to eliminate from § 301 jurisdiction a complaint by a union that involves no more than a cause of action which is 'peculiar in the individual benefit' or 'the uniquely personal right of an employee' or which 'arises from the individual contract between the employer and employee'. 348 U.S. at pages 460, 461, 464, 75 S. Ct. at pages 500, 501, 503. That holding was not aimed at any cause of action or remedy that appropriately pertains to the union as an entity, particularly one which an individual employee may have no equal power to enforce * * *. Its terms and legislative history demonstrate that, as we have earlier said of the Norris-LaGuardia Act, it was not intended to be strictly a 'one-way street.' The Westinghouse opinions show no intent to create any such result. It seems to us therefore that that decision is to be interpreted as

denying jurisdiction over a controversy only where the union is seeking a remedy, usually a judgment for damages, which the individual employee equally could enforce in a suit on his personal cause of action. * * * *"

In American Federation of Labor v. Western Union Tel. Co., 6 Cir., 1950, 179 F.2d 535, the Court of Appeals sustained the district court's jurisdiction under § 301 of a union's request for certain relief relating to a benefit and pension plan. The court emphasized that the complaint clearly stated a cause of action of which the district court had jurisdiction, since the pension and benefit plan had been incorporated in a collective bargaining agreement and that under § 301(a) the federal district court had jurisdiction to hear disputes arising under these contracts.

■ The complaint herein indicates that the welfare fund involved in this action was set up pursuant to a collective bargaining contract and that plaintiff is therefore engaged in a dispute with the employer under that collective bargaining agreement. The plaintiff is not seeking any relief on behalf of individual employees but rather is seeking to enforce its group rights under the contract. The district court has jurisdiction over the action since it involves an obligation running to a union and therefore it is a union controversy and not the uniquely personal rights of employees sought to be enforced by a union. See Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972.

■■ It is well settled that a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff would not be entitled to relief under any set of facts proved in support of his claim as stated. Stratton v. Farmers Produce Co., 8 Cir., 1943, 134 F.2d 825; Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774. Pleadings are to be liberally construed. The complaint states that plaintiff is engaged in the contract with defendants and that there is an employer and employee rela-

tionship existing. The causes of action in the complaint and the subject matter of the complaint meet the requirements stated in § 301 and therefore vest jurisdiction in the United States District Court for the Southern District of New York.

█ █ As to the contention that the plaintiff is not the real party in interest because control of the fund has been granted to the trustees of the fund, that contention is without merit. It has long been established that a party to a contract may sue thereunder for the benefit of a third person. 3 Moore, Federal Practice, ¶ 17.13, p. 1370 (2d ed.). It is evident that plaintiff has an important interest in the enforcement of the contract provisions with reference to the welfare funds. It is entitled to protect that interest.

For the reasons stated above the defendants' motion is denied. So ordered.