Joseph CARROLL, Charles Peterson and Charles Turecamo, as Treasurer, Orchestra Leaders of Greater New York, Plaintiffs,

v.

AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA, Herman D. Kenin, as President of said Federation, and George V. Clancy, as Treasurer of said Federation, Associated Musicians of Greater New York Local 802, and Al Manuti, as President of Local 802, Max L. Arons, as Secretary of Local 802, and Hi Jaffe, as Treasurer of Local 802, Defendants.

Ben Cutler, Dan Terry, Marty Levitt, Applicants for Intervention.

United States District Court
S. D. New York.
June 11, 1963.

See also 183 F.Supp. 636.

Godfrey P. Schmidt, New York City, for plaintiffs.

McGoldrick, Dannett, Horowitz & Golub, New York City, for defendant American Federation of Musicians; Emanuel Dannett, New York City, of counsel.

Ashe & Rifkin, New York City, for defendant Associated Musicians of Greater New York, Local 802; David I. Ashe, New York City, of counsel.

LEVET, District Judge.

Ben Cutler, Dan Terry and Marty Levitt apply to intervene in these anti-trust actions against the defendant unions. The complaints in the two actions involved, 60 Civil 2939 and 4926, challenge, as violative of the anti-trust laws, certain pricing methods and standards established by the defendant unions. The complaints were filed July 27 and December 15, 1960 and the actions have been on the trial calendar for over two years.

Intervention is premised as of right, Fed.R.Civ.P. 24(a), and by permission, Fed.R.Civ.P. 24(b). There seems to be little substance to claim of intervention as of right since the only applicable portion of Fed.R.Civ.P. 24(a) is "(2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *." Inadequate representation can hardly be claimed as the same attorney represents both the original plaintiffs and the proposed inter-

354

venors. Application to intervene as of right is, therefore, denied.

 Permissive intervention, Fed. R.Civ.P. 24(b), is committed to the sound discretion of the district court, 4 Moore, Federal Practice ¶ 24.10[4] and the touchstone is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The application comes some two years after the notes of issue have been filed and virtually on the eve of trial. There can be no contention that the proposed intervenors did not know of this litigation. They are no strangers to this complex of litigations. Cutler himself was one of the main witnesses for the plaintiffs Carroll and Peterson in their companion litigation, Carroll v. Associated Musicians, 206 F.Supp. 462 (S.D.N.Y.1962), aff'd 2 Cir., 1963, 316 F.2d 574. The proposed intervenors were themselves plaintiffs in another companion case challenging certain practices of the defendants as violative of 29 U.S.C. § 186. Cutler v. American Fed. of Musicians, 211 F.Supp. 433 (S.D.N.Y. 1962), aff'd 2 Cir., 1963, 316 F.2d 546.

There is no doubt that there are common questions of law and fact. The proposed intervenors' complaint is almost a verbatim copy of the original complaint save for paragraph 53 which in subsections (c), (d), (h), (i) and (j) challenge certain alleged predatory practices not previously attacked in the complaints.

 Considering all these circumstances, the motion for permissive intervention is granted provided the attorney for the proposed intervenors consents in an order to be submitted hereunder to the following conditions:

(1) That plaintiffs and intervenors have no further discovery save the requests to admit presently outstanding upon which the court must rule;

(2) That the proposed intervenors be promptly made available to the defendants for examination; and

(3) That the intervenors' complaint be limited to the issues raised in the original pleading by striking from their proposed complaint paragraph 53(c), (d) [except for the phrase "unilateral imposition of wage scales, minimums * * *"], (h), (i) and (j).

Otherwise the motion is denied.

See Fielding v. Allen, 9 F.R.D. 106 (S.D.N.Y.1949); Dove v. Parham, 7 Fed. Rules Serv.2d, 24b.33, Case 1.

Settle order on notice.