INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, COUNCIL NO. 40, and its Affiliated Local Unions, Plaintiffs,

v.

KEBERT CONSTRUCTION COMPANY, Defendant.

Civ. A. No. 963.

United States District Court
W. D. Pennsylvania.
Jan. 8, 1964.

Gatz, Cohen, O'Brien & Maurizi, Joseph Maurizi, Pittsburgh, Pa., for plaintiffs.

Gifford, Graham, MacDonald & Illig, John Britton, Erie, Pa., for defendant.

WILLSON, District Judge.

Plaintiffs are the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Council No. 40, and its Affiliated Local Unions, some 14 in number. Defendant is Kebert Construction Company, a Pennsylvania Corporation, having its principal office and place of business in Meadville in this District. Plaintiffs aver that the jurisdiction is pursuant to Section 301 of the National Labor Relations Act and Title 29 U.S.C.A. Section 185. In the Complaint it is averred that defendant is a member of the Northwestern Pennsylvania Heavy Constructors, Inc., an association of contractors doing business in 11 northwestern Pennsylvania counties, including Crawford County wherein Meadville is situate. A copy of a wage agreement between plaintiffs and the Northwestern Pennsylvania Heavy Constructors, Inc., is attached to the Complaint which fixes wage rates according to certain classifications, and which, inter alia, provides that the association members deduct ten cents per man hour worked by employees and pay that sum into the Western Pennsylvania Heavy Construction Industry Teamsters Welfare Fund " * * * under the terms, conditions and obligations set forth in the Trust Agreement for that fund."

Plaintiffs, in their Complaint, allege that defendant has failed to pay the sum of $2,483.35, which is due and owing under the Welfare Fund provision of the Agreement, and that further additional monies are also due and owing and unreported by the defendant. Judgment is demanded against the defendant for the $2,483.35, which has been ascertained to be due and for any additional monies which an accounting reveals to be due and owing, together with interest. An accounting is demanded for the period from July 1, 1959 to and including December 31, 1961.

Defendant has moved to dismiss the Complaint under Rule 12(b) (7) of the Federal Rules of Civil Procedure because it appears from the Complaint that the Trustees of the Western Pennsylvania Heavy Construction Industry Teamsters Welfare Fund referred to in Paragraph 5 of the Complaint are indispensable parties and that the Trustees of said Welfare Fund have not been joined as plaintiffs. Plaintiffs contend that they are the real parties in interest and as such may bring the suit without the joinder of the Trustees of the Welfare Fund, and as authority cite several cases including Local Union No. 641 of Amal. Butcher Workmen v. Capitol Packing Co., 32 F. R.D. 4, 7, (D.C.Colorado, 1963), which plaintiffs contend holds that the Trustees are not indispensable parties. However, in the Capitol Packing case the suit was based on an agreement which antedated the designation of Trustees, and the Court held that there was " * * * no opportunity for interests not before

the court to be adversely affected by a decision herein." In International Union, United A., A. & A. I. Wkrs. of America, U. A. W., A.F.L.-C.I.O. v. Textron, Inc., 312 F.2d 688 (6 Cir. 1963), and United Construction Workers Division of Dist. 50, United Mine Workers of America v. Electro Chem. Engrav. Co., 175 F.Supp. 54 (S.D.N.Y., 1959), relied on by plaintiffs, the issue was whether under the Labor-Management Relations Act the Federal Court had jurisdiction of an action wherein unions sought recovery of unpaid contributions to employee funds allegedly due under collective bargaining agreements. These cases cited by plaintiffs do not present the same issue as is presently before this Court.

Defendant, on the other hand, in its brief, points out the terms of the contract attached to the Complaint which in turn refers to the terms, conditions and obligations set forth in the Trust Agreement for that fund. The Court understands that counsel for the defendant has attached portions of the Agreement relating to the Welfare Fund. Article VI refers to the collection of contributions. This Article is in some eight paragraphs styled Section 1., et seq. It is noticed that the ten cent per hour for each hour worked by an employee is to be withheld from the wages of the employee by the employer and remitted by the latter to the Trustees. The Trustees may require reports and delay payments upon suitable terms and have the right to determine, verify or audit the amount of remittances payable by the employer on account of contributions. In case of delinquencies the Trust Agreement requires an employer to make penalty payments. Section 7 provides that the Trustees may sue to collect the delinquent contributions and a delinquent employer shall be liable to the Trustees for reasonable expenses including attorney's fees. And finally, Section 8 provides that no employer shall have any obligation with respect to payment of any contribution other than that which is required to be withheld and remitted under Article VI.

In regard to the language used by the parties, it seems apparent that the Trustees are vitally interested in the outcome of any possible litigation between the instant parties, but more importantly, it seems to this Court, that the defendant is entitled to be protected by a judgment of the Court, if one is to be given, which on payment satisfies its liability under the written contract. It is doubtful whether a judgment in favor of the plaintiff in this instance would protect the defendant against a suit by the Trustees.

The weight of authority seems to indicate that the Trustees of Union Welfare Funds are indispensable parties. In Lewis v. Quality Coal Corporation, 243 F.2d 769 (7 Cir. 1957), the Court held that the Trustees are the real parties in interest. See also United Mine Workers of America, District 22 v. Roncco, 314 F.2d 186, 187 (10 Cir. 1963), and International Ladies' Garment Workers' Union, A. F. L. v. Jay-Ann Co., 228 F.2d 632, 636 (5 Cir. 1956).

There seems to be an indication in plaintiffs' brief that by joining the Trustees the jurisdiction of the Court under Section 301 of the National Labor Relations Act is lost. I do not apprehend that such a result follows. If there is jurisdiction under Section 301 it would not be lost by the joinder of the Trustees as it is still a suit on a labor contract between the parties.

The Court has not had the benefit of oral argument and has not been able to inquire of counsel as to whether the Trustees are available for a joinder under Rule 19(b). But it may be assumed for the present purposes that the Trustees are within the jurisdiction. If so, rather than dismissing the action, it is believed proper to give plaintiffs an opportunity to join the Trustees as parties plaintiff. It is so ordered.