The **UNION CENTRAL LIFE INSUR-ANCE COMPANY**, Plaintiff,

v.

**HAMILTON STEEL PRODUCTS INC.,** et al., Defendants-Appellee,

v.

**UNITED STEEL WORKERS OF AMER-ICA, AFL–CIO**, Appellant.

No. 15835.

United States Court of Appeals Seventh Circuit.

March 2, 1967.

Rehearing Denied April 21, 1967.

Gilbert Feldman, Chicago, Ill., for appellant.

J. Robert Geiman, Herbert C. Loth, Jr., Norman H. Nachman, George Kaye, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KILEY and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

As a stakeholder, the Union Central Life Insurance Company ("Union Central") an Ohio corporation, filed a diversity action seeking relief under the Federal Declaratory Judgment and Interpleader Acts (28 U.S.C. §§ 2201 and 1335). The complaint prayed for construction of a group annuity insurance policy issued by plaintiff in 1956 to defendant Hamilton Steel Products Inc. ("Hamilton"), a Chicago company now bankrupt and defunct.

Commencing in 1956, $180,000 had accumulated under a fund deposited by Hamilton pursuant to the group annuity policy issued by Union Central to Hamilton. The policy was purchased by Hamilton to satisfy a December 15, 1956, pension agreement between Hamilton and United Steel Workers of America ("Union"), the collective bargaining agent of Hamilton's approximately 220 factory employees. The group annuity policy lapsed upon Hamilton's failure to make an annual deposit on December 15, 1964. The policy excludes from coverage those who are not members of the Union. None of the parties has contended that the policy is ambiguous and must be construed by reference to the pension agreement.

Among the participants in the group annuity policy were the 32 remaining "prior benefit" employees who had participated in an earlier Hamilton pension trust. Their interests are concededly vested and payable with interest from the deposit fund. The portion of the deposit fund consisting of vested prior benefits amounts to nearly $33,000 plus interest. The balance of the fund is available to pay other former Hamilton employees a portion of their share in the fund. The complaint sought judicial direction as to whom the deposit fund should be paid. Among the various defendants were Tom Webb, Mary Breach and Arthur Mayberry as officers and agents of Steel Workers Local Union 1092. Samuel E. Perish was also made a defendant as the duly authorized representative and agent of the United Steel

Workers of America A.F.L.–C.I.O. and District 31 Sub-District 5 thereof. These four individuals were sued in their own behalf and as representatives "in behalf of all such other Union members and/or representatives, officers and directors of the Union, or Unions, as a class." In this type of action, the Union is not suitable as an entity in Illinois [1] and therefore the class device was used.

■ On April 28, 1966, the District Court entered a First Partial Interlocutory Decree ordering that the "prior benefit" employees should receive payment of the amounts due them under the policy, including interest as computed by the terms of the policy. No payments have yet been made under that decree.

On June 17, 1966, the Union moved to intervene as of right in the District Court proceedings as a party defendant. Its motion was under Rule 24(a) of the Federal Rules of Civil Procedure. In support of the motion, the Union urged that Section 301(a) of the Labor Management Relations Act (29 U.S.C. § 185 (a)) entitled it to compel the enforcement of the Hamilton Pension Plan, and that the Union should also be permitted to intervene to enable it to seek compulsory arbitration of any dispute about the pension rights of its members. The motion to intervene was denied, and this appeal followed. It is settled that the denial of intervention under Rule 24(a) of the Federal Rules of Civil Procedure is appealable. Mendenhall v. Allen, 346 F.2d 326, 328 (7th Cir. 1965).

When the District Court ruled upon the Union's motion for leave to intervene, Rule 24(a) of the Federal Rules of Civil Procedure provided:

"Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * ".[2]

In attempting to justify intervention, the Union has relied primarily upon the following two grounds: (1) an unconditional right to intervene was created under Section 301(a) of the Labor Management Relations Act and (2) the Union's interest in enforcing claims for pension funds cannot be adequately protected unless its appearance is permitted.

■■ The first clause of Rule 24(a) permits intervention "when a statute of the United States confers an unconditional right to intervene." This clause was intended to preserve the right to intervene when granted by statute. As the Supreme Court's Civil Rules Advisory Committee explained:

"The right to intervene given by the following and similar statutes is preserved, but the procedure for its assertion is governed by this rule:

USC, Title 28:

§ 45a (Special attorneys; participation by Interstate Commerce Commission; intervention) (in certain cases under interstate commerce laws)

§ 48 (Suits to be against United States; intervention by United States)

§ 401 (Intervention by United States; constitutionality of federal statute)". (4 Moore's Federal Practice (2d ed.) ¶ 24.01 [2].)

The various Federal statutes permitting intervention are collected in 4 Moore's Federal Practice (2d ed.) ¶ 24.03.[3] In contrast to statutes according intervention rights, Section 301(a) of the Labor

---

1. United Mail Order Union v. Montgomery Ward & Co., 6 Ill.App.2d 477, 488–489, 128 N.E.2d 645, 651, affirmed, 9 Ill.2d 101, 137 N.E.2d 47; cf. Rule 17(b) of the Federal Rules of Civil Procedure.

2. The third clause of Rule 24(a) is not involved in this appeal and is therefore not reproduced.

3. See also "Multiparty Litigation in the Federal Courts." 71 Harv.L.Rev. 874, 899 (1958).

Management Relations Act (29 U.S.C. § 185(a)) provides:

> "*Suits for violation of contracts between an employer and a labor organization* representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, *may be brought* in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." (Italics supplied.)

As noted, the present suit is a diversity action brought by Union Central for relief under the Declaratory Judgment and Interpleader Acts. It is not a suit by anyone for "violation of contracts between an employer and a labor organization." Therefore, Section 301(a) of the Labor Management Relations Act does not confer upon the Union the right to intervene in this proceeding. No case permitting a labor union to intervene as of right under Section 301(a) has been brought to our attention, nor has any been discovered during our research. In view of the plain strictures of Rule 24(a)(1) and Section 301(a), we must hold that the Union has no statutory right to intervene in the circumstances of this case. In contrast, if this were a suit by the Union against a defaulting employer to enforce group rights created by a collective bargaining contract, the requirements of Section 301(a) would be met. United Construction Workers v. Electro Chemical Engraving Co., 175 F.Supp. 54, 56–57 (S.D.N.Y.1959). Here the Union's attempted intervention simply does not fall within the terms of that Section, for the dispute does not arise out of a violation of a contract between an employer and a labor organization. Hence Section 301(a) does not support the Union's motion. Sun Shipbuilding & Dry-Dock Co. v. Industrial Union, 95 F.Supp. 50, 53 (E.D.Pa.1950).

■ In its reply brief, the Union relies on the second clause of Rule 24(a) on the ground that "the interest of the Union in the enforcement of [the Pen-

sion Plan] * * * cannot be adequately protected unless its appearance is permitted." However, appropriate officers and agents of the Union have been sued in their representative capacities and indeed are represented by the same counsel as the Union. There has been no showing by the Union why these representatives cannot adequately represent the Union's interests. In critical respects, this case resembles Wilson v. Illinois Central Railroad Company, 21 F.R.D. 588 (N.D.Ill.1957), where union intervention was denied. There, as here, the pleadings of the original parties to the action raised no issues pertaining to the collective bargaining agreement. There, as here, existing parties to the litigation (in this case, the four defendant officers and agents of the Union) could be expected to represent the Union's viewpoint energetically.

In Holdeman v. Sheldon, 204 F.Supp. 890, 892–893 (S.D.N.Y.1962), affirmed, 311 F.2d 2 (2d Cir. 1962), a union also sought to intervene. Intervention was denied because the union had no interest other than the protection of the defendants. Likewise here, the Union has shown no interest other than the protection of the defendant employees. Inadequate representation can hardly be claimed where the same attorneys represent the Union's class representatives and the proposed intervenor. Carroll v. American Federation of Musicians, 33 F.R.D. 353 (S.D.N.Y.1963). Intervention is not justified here under the second clause of Rule 24(a) because the interest of the Union is already protected "through representation by 'existing parties' to the litigation." Flight Engineers' International Association v. National Mediation Board, 119 U.S.App.D. C. 171, 338 F.2d 280, 283 (1964); see also 4 Moore's Federal Practice (2d ed), ¶ 24.08, p. 37, and 1966 Cumulative Supplement, pp. 17–18. In effect, the Union is already a party through the four named defendant representatives. In this posture, it is difficult to understand what the Union seeks to accomplish by intervening itself. Surely its four

class representatives, already appearing through Union counsel, can safeguard its interests in this controversy.

 Finally, the Union argues that it should be permitted to intervene because it might wish to seek compulsory arbitration of disputes over pension rights, as provided by Article VI of the Pension Plan between the Union and Hamilton. The difficulty with this speculative argument is that the arbitration provisions relate to employee disputes with Hamilton, which is now defunct (the District Court declaring that it no longer has any interest in the deposit fund). Thus in this stakeholder proceeding, no dispute for arbitration under Article VI of the Pension Plan with Hamilton can arise. Furthermore, by its attempt to intervene and participate before the District Court and by participating in Hamilton's bankruptcy proceedings, the Union waived any contractual right to arbitration. See Applicolor, Inc. v. Surface Combustion Corporation, 77 Ill.App.2d 260, 222 N.E.2d 168, 171 (1966).

The judgment of the District Court is affirmed.