**CENTRAL CONTRACTORS ASSOCIA-TION, Tyree E. Scott, et al., Plaintiffs,**

v.

**LOCAL UNION NO. 46, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS et al., Defendants.**

**No. 8533.**

United States District Court, W. D. Washington, N. D.

Sept. 30, 1969.

Lembhard Howell, Seattle, Wash., for plaintiffs.

Hugh Hafer, Bassett, Donaldson & Hafer, and J. Duane Vance, Seattle, Wash., for defendants.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

LINDBERG, Chief Judge.

This matter having duly come on pursuant to Order to Show Cause at 2:00 p. m., Monday, September 22, 1969, plaintiffs appearing by Lembhard Howell and defendants Local Union 46, of IBEW, Local Union 32 of the United Association of Plumbers and Steamfitters, Local 86 of the Ironworkers Union, Local Union 99 of the Sheet Metal Workers Union, Local Union 2 of the Brick Masons and Painters District Council No. 5 of Seattle and King County appearing by Bassett, Donaldson & Hafer (Hugh Hafer) and Local 302 of the International Union of Operating Engineers appearing by Duane Vance, each of which defendants had been served with said Order to Show Cause by the United States Marshal, and

The court having granted the petition of Ferguson & Burdell (Donald McL. Davidson) to appear as *amicus curiae* on behalf of Cawdrey & Vemo, Inc., and John H. Sellen Construction Company, being persons named in the complaint, subject to reconsideration by the Court at any time, and said *amicus curiae* having been present throughout the hearing but not participating therein except upon legal arguments, and

The Court, after hearing counsel, having granted oral leave to correct the caption and body of the complaint and leave to file an amended complaint, and having denied the motion to dismiss filed on behalf of Local Union 302 of the Operating Engineers in which the other defendants orally joined, and having granted defendants' motion for a continuance to 11:00 a. m., Wednesday, September 24, 1969, at which evidence in addition to the affidavits submitted upon an amended complaint might be heard, and

The Court having heard evidence September 24, September 25 and September 29, and

The Court having considered the files and proceedings heretofore had herein,

the amended complaint and the affidavits filed herein, and the testimony and exhibits presented upon the hearing, and being fully advised in the premises, does hereby make the following:

## FINDINGS OF FACT

1. The plaintiff Central Contractors Association is a nonprofit Washington corporation organized to involve inner city contractors and craftsmen in more construction jobs.

Tyree E. Scott is a black contractor and Chairman of the Central Contractors Association.

The other plaintiffs are black workers who were employed on construction jobs at the King County Administration Building site and the Harborview Hospital project in Seattle.

2. Defendants are labor organizations representing employees engaged in the construction industry, an industry affecting commerce.

3. On or about August 29, 1969, persons demonstrated at the Harborview Hospital job site in an effort to obtain more jobs in the construction industry for black workers. The job was closed down for approximately six hours for fear that the demonstration might lead to injury.

4. On September 2, 1969, both the Harborview and the King County Administration Building jobs were closed down due to pressure exerted by persons demanding more jobs for minority workers in the construction industry and on these two jobs.

On that date, during demonstrations led by the Central Contractors Association, acts of intimidation occurred, involving, among others, the driving of a truck through a locked gate into the construction site, creating a condition of hazard to life and property from the confrontation created.

5. Various state, county, city, federal and other contracting agencies have required "affirmative action programs" for the purpose of increasing employment opportunities for minority, non-white employees. King County, as well as many other agencies, are obligated under Executive Order 11246, § 301 "to assist and cooperate actively * * * in obtaining * * * compliance * * * with these contract provisions." According to the evidence, there appears to be a disproportionate ratio of such employees by each of the defendant unions actually employed on construction sites.

6. On September 6, 1969, King County Executive John D. Spellman—pursuant to negotiations between city, county, federal officials, Associated General Contractors and the Central Contractors Association—required and directed Cawdrey & Vemo, Inc., and Sellen Construction Company, by change orders under and within the scope of their respective construction contracts with such County for construction and additions to Harborview Hospital and the King County Administration Building, to:

Hire one trainee or apprentice for each four journeymen employed in each trade union craft jurisdiction on this job and to institute an appropriate program for training persons so -hired in conformance with the contract between King County and Seattle Model City Program dated September 5, 1969.

Such change orders were not signed by the contractors.

7. Pursuant to such change orders, said contractors or their subcontractors, hired persons, some of whom are plaintiffs herein, each of whom after being hired presented his written notice of employment (in the form attached as Exhibit 2 to the amended complaint) to the appropriate defendant union, excepting Local 302 of the International Union of Operating Engineers, in which craft no trainee was hired.

8. On September 8, 1969, both the Harborview and King County jobs reopened. Thereafter, commencing on or about September 9, 1969, each of defendant unions, with the exception of the

Painters Locals, caused its membership to leave such construction sites, as a result of which the Harborview Hospital project was forced to close on September 10, 1969, and the King County Administration Building was forced to close on September 11, 1969.

9. Each of the defendant unions is a party to a collective bargaining agreement with Cawdrey & Vemo, Inc., and Sellen Construction Company, or their respective subcontractors, each of which contains a no-strike, no-lockout provision and arbitration procedures for the resolution of disputes. None of the defendant unions have presented any grievance and there is no labor dispute between defendant unions and any employer.

10. The appropriate bargaining agents for Cawdrey & Vemo, Inc., and Sellen Construction Company and their respective subcontractors have since at least September 5, 1969, sought to bargain in good faith to amend, alter or otherwise change existing collective bargaining agreements, if necessary, to accommodate trainees.

11. This controversy arises out of allegations of discrimination on the part of defendant unions in that they have not cooperated in the past in attempts to place black workers on jobs under their agreements and that their present efforts are still not sufficient. The labor walk-offs of September 10 and 11, were at least in part motivated by the presence of black trainees employed by the contractors and subcontractors as referred to in Finding 7 herein.

12. The plaintiffs have filed charges with the Equal Employment Opportunities Commission, the National Labor Relations Board, and the Washington State Board Against Discrimination. Neither the National Labor Relations Board, the Equal Employment Opportunity Commission nor the Washington State Board Against Discrimination have acted or refused to act on the charges filed with them, nor have any of these agencies sought injunctive relief from this Court as a result of the charges pending before them.

13. The current situation cannot be allowed to continue. Irreparable damage is occurring, including serious delay in construction of much needed public buildings, substantial loss of wages, impairment of contractual rights, probable loss of government financing, and danger of civil strife.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §§ 1981, 1983.

2. Plaintiff Carlie Doss, having been admitted into the Sheet Metal Industry apprenticeship program and employed in that industry, shall be dismissed as party plaintiff.

3. Since there is no evidence that employees represented by local unions affiliated with Painter District Council No. 5 were present, or that they walked off the disputed job sites, such defendants shall be dismissed from this action.

4. This is not a "labor dispute" within the meaning of the anti-injunction provisions of the Norris-LaGuardia Act (29 U.S.C. § 107) because it is bottomed upon alleged acts of discrimination which transcend the collective bargaining rights which arise out of the labor contracts of the defendants.

5. Since this case has been brought under 42 U.S.C. § 1981, there is no requirement that the Equal Employment Opportunities Commission have an opportunity to settle the dispute before this Court obtains jurisdiction.

6. Upon the evidence, the Court finds that plaintiffs have made a sufficient showing of a violation of their rights under 42 U.S.C. § 1981 and are entitled to the interlocutory relief hereinafter set forth.

7. The matters referred to in Findings 4 and 13 require interlocutory injunctive relief, as hereinafter provided, against other persons.

## ORDER

Upon the foregoing Findings of Fact and Conclusions of Law a preliminary injunction shall be entered as follows:

Ordered that:

1. The defendants are enjoined and restrained from discriminating against members of minority races in violation of the provisions of 42 U.S.C. § 1981 and that, in the implementation of this Order, the following shall apply:

(a) Sidney C. Volinn is hereby appointed as an impartial referee to hear any complaints or disputes regarding compliance with any of the provisions of this Order and report to the Court. The referee is not authorized to alter the terms of any existing state or federally approved apprenticeship plan or any collective bargaining agreement or construction contract. The costs, fees and expenses of the referee shall be borne as directed by the Court.

(b) All minority applicants shall be entitled to be represented at any and all hiring hall or apprenticeship proceedings by persons of their choosing to assist them in their efforts to qualify for dispatch or apprenticeship. Provided, however, that such applicants shall not be entitled to assistance during the administering of apprenticeship tests or examinations.

(c) The Defendants shall proceed forthwith and with all possible speed to complete all aspects of the Outreach Program to qualify minority applicants who do not otherwise qualify for apprenticeship or dispatch. The progress of this program shall be reported to the Court within thirty (30) days.

(d) Pending the implementation of the Outreach Program and report to the Court, which shall be made within thirty (30) days of this date, the named plaintiffs shall be returned to their former positions at the Harborview Hospital and King County Administrative Building jobs.

2. That the defendants be ordered to cease and desist from any work stoppage at the Harborview construction site and the King County Administration Building.

3. The Plaintiffs, their agents and representatives, and all other persons having knowledge of this Order are enjoined and restrained from any acts of violence or force or threats of violence or force in connection with any construction work at Harborview Hospital and King County Administration Building.