770 F.2d 1526
 120 L.R.R.M. (BNA) 2489, 103 Lab.Cas. P 11,683
 MARINE TRANSPORT LINES, INC., etc., Plaintiff-Appellee,
v.
The INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS,
etc., Defendant-Appellant.
DELTA STEAMSHIP LINES, INC., A Louisiana Corporation,
Plaintiff-Appellee,
v.
INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS, a
Labor Organization, Defendant-Appellant.
 Nos. 84-3673, 84-3764.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 17, 1985.
 
 Frank E. Hamilton, III, Frank E. Hamilton, Jr., Tampa, Fla., for defendant-appellant.
 Robert B. Parrish, Jacksonville, Fla., for Delta S.S. Lines, Inc.
 Terence G. Connor, Jean F. Reed, Miami, Fla., for Marine Transport Lines, Inc.
 Appeals from the United States District Court for the Middle District of Florida.
 Before GODBOLD, Chief Judge, HATCHETT, Circuit Judge, and TUTTLE, Senior Circuit Judge.
 GODBOLD, Chief Judge:
 
 
 1
 This is a consolidated appeal of two suits filed against the International Organization of Masters, Mates and Pilots ("MM & P"), which represents officers employed aboard vessels of U.S. flag carriers, by Marine Transport Lines, Inc. and Delta Steamship Lines, Inc., U.S. flag carriers of passengers and cargo. Both suits were filed in the Middle District of Florida but decided by different judges. In each action the district court entered a preliminary injunction enjoining MM & P from filing certain suits against, or arresting the vessels of, the ship lines. We find that the courts were without jurisdiction to enter the injunctions and vacate them.
 
 I. Background
 
 2
 In June 1983 MM & P entered into separate Memoranda of Understandings with Delta and Marine Transport to amend the collective bargaining agreement it had with each line. Pursuant to these memoranda MM & P agreed to defer indefinitely a wage increase and cost of living allowance ("COLA") provided for by the collective bargaining agreements. In early June 1984 MM & P informed Delta and Marine Transport by letters that it was reinstituting the increases retroactively.
 
 
 3
 When Delta did not make payment by August 26, 1984, MM & P procured the arrest of a Delta vessel in an action filed in the names of its members. On August 29, 1984, when Marine Transport had not yet made payment, MM & P procured the arrest of two Marine Transport vessels in two further actions filed in the names of its members.[1] The complaints in these actions sought compensation for the retroactive wage increase as well as penalty wages pursuant to the Seamen's Act. 46 U.S.C. Secs. 10313, 10504.
 
 
 4
 In response, Marine Transport and Delta sued MM & P in separate actions. Each company sought declaratory relief with respect to its liability under both its collective bargaining agreement and the Seamen's Act. In addition, each company requested that MM & P and its members be enjoined from suing it for statutory wages or penalties and from arresting its vessels in connection with the wage claims.
 
 
 5
 In the Delta action, the district court granted Delta's motion for a preliminary injunction. After finding that Delta did not dispute that both the 7- 1/2% wage increase and the COLA were due and owing, the court determined that four requirements for the entry of injunctive relief were satisfied: a substantial likelihood that the movant will ultimately prevail on the merits; irreparable injury to the movant because of the unavailability of an adequate remedy at law; the potential harm to the movant outweighs possible damage to the adverse party; and the absence of disservice to the public interest should injunctive relief issue. Accordingly, pending final resolution of the action, it enjoined MM & P from "filing additional actions in other courts involving claims which are presently cognizable before this court between the parties in this case" and from instituting additional arrests of Delta's vessels in support of these claims. The order entering this preliminary injunction did not discuss the Norris-LaGuardia Act, 29 U.S.C. Sec. 101 et seq.
 
 
 6
 In the Marine Transport action the court likewise found that there was no dispute that the 7- 1/2% wage increase and the COLA were due and that the same four requirements for injunctive relief were satisfied. It entered a preliminary injunction virtually identical to the one entered in the Delta action. In addition the court found that the case was not a labor dispute because it was "essentially nothing more than a dispute over a debt owed by Plaintiff."
 
 
 7
 In two separate appeals, which have been consolidated, MM & P challenges the entry of both preliminary injunctions. Its principal contentions are: the injunctions are barred by Sec. 104(d) of the Norris-LaGuardia Act, 29 U.S.C. Sec. 104(d); the requirements of Sec. 107 of the Act have not been satisfied; the injunctions are not supported by competent substantial evidence; the district courts' failure to observe the Federal Rules of Civil Procedure as well as the local court rules deprived MM & P of due process; and the suits of Delta and Marine Transport are preempted by the exclusive jurisdiction of the NLRB.
 
 II. Discussion
 
 8
 We need only reach one of MM & P's contentions. Section 107 of the Norris-LaGuardia Act, 29 U.S.C. Sec. 107, provides that no federal court has jurisdiction to issue an injunction "in any case involving or growing out of a labor dispute" except, among other things, after making certain findings of fact. One such required finding is
 
 
 9
 (a) That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained....
 
 
 10
 29 U.S.C. Sec. 107(a).
 
 
 11
 Under 29 U.S.C. Sec. 113(c) the term "labor dispute" "includes any controversy concerning terms or conditions of employment." The term "must not be narrowly construed because the statutory definition itself is extremely broad...." Jacksonville Bulk Terminals, Inc. v. International Longshoremen's Association, 457 U.S. 702, 102 S.Ct. 2672, 73 L.Ed.2d 327 (1982).
 
 
 12
 Despite the finding of the district court in the Marine Transport action below, this litigation presents a "controversy concerning terms or conditions of employment." It is undisputed that the initial suits filed against Marine Transport and Delta sought to secure the payment of a wage increase and COLA (and penalty wages under the Seamen's Act) pursuant to Memoranda of Understanding amending the respective collective bargaining agreements. The present actions by the two shipping lines, in turn, seek declaratory relief with respect to these claims and the claims for penalty wages, as well as the injunction of MM & P from filing suits seeking statutory wages or penalties and from arresting the lines' vessels in connection with these wage claims. Just as payments to employee benefit funds which a collective bargaining agreement obligated the employer to make are "terms and conditions of employment," Crowe & Associates Inc. v. Bricklayers and Masons Union, 713 F.2d 211, 213 (6th Cir.1983), In re Petrusch, 667 F.2d 297, 299 (2d Cir.), cert. denied, 456 U.S. 974, 102 S.Ct. 2238, 72 L.Ed.2d 848 (1982), so too are the wage increase and COLA here.
 
 
 13
 Moreover, a "controversy concerning a term or condition of employment" need not concern whether to create such a term but can simply concern the enforcement of an extant term. See Crowe, 713 F.2d at 213 (employer failed to make payments required under collective bargaining agreement); In re Petrusch, 667 F.2d at 299 (same).[2]
 
 
 14
 Indeed a dispute is no less a controversy concerning a term of employment because it "may be resolved or determined on its merits by reference to the terms of a collective bargaining agreement," United Electrical Radio and Machine Workers of America v. General Electric Co., 233 F.2d 85, 90-91 (1st Cir.1956), aff'd on other grounds, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028 (1957); W.L. Mead, Inc. v. Int'l Brotherhood of Teamsters, 217 F.2d 6, 8 (1st Cir.1954), or because a court has decided the dispute by way of a declaratory judgment (which one party has refused to obey). Alcoa S.S. Co. v. McMahon, 173 F.2d 567, 568 (2d Cir.1949).
 
 
 15
 Thus, this is a case "involving or growing out of a labor dispute." See 29 U.S.C. Sec. 113(a).[3] Therefore, before the district courts had jurisdiction to enter the injunctions, under Sec. 107(a) they were required to find, among other things, that "unlawful acts" have been threatened or committed. 29 U.S.C. Sec. 107(a). Such "unlawful acts" include violence, intimidation, threats, vandalism, breaches of the peace and criminal acts, see Scott v. Moore, 680 F.2d 979, 986 (5th Cir.1982) (former 5th Cir.) (en banc), rev'd on other grounds, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); Brotherhood of Railroad Trainmen v. Central of Georgia Railway Comp., 229 F.2d 901, 905 (5th Cir.1956); Wilson & Co. v. Birl, 105 F.2d 948, 952 (3d Cir.1939), but do not include violation of Bankruptcy Reform Act's prohibition of the collection of a pre-commencement debt. In re Crowe & Associates, Inc., 713 F.2d 211, 214 (6th Cir.1983). Because the courts made no such findings the injunctions were entered without jurisdiction.
 
 
 16
 Accordingly the preliminary injunctions are VACATED and the cases are REMANDED to the respective district courts.
 
 
 
 [1]
 Appellees assert that MM & P members had assigned their rights to initiate these actions to MM & P and suggest that MM & P was the real party in interest. We need not decide this question
 
 
 [2]
 Bowe v. Judson C. Burns, Inc., 46 F.Supp. 745 (E.D.Pa.1942), is not to the contrary. The underlying dispute in Bowe concerned whether employees had worked overtime without the compensation required under the Fair Labor Standards Act of 1938, 29 U.S.C. Sec. 201 et seq. The court found no controversy "concerning terms or conditions of employment" because the case was not one in which "the employees demanded a higher rate of pay and were refused, or where the employer insisted upon a lower rate of pay." Instead the terms and conditions of employment were "fixed." Id. at 747
 Despite this language, Bowe did not turn on the fact that wages were already "fixed" rather than as yet unagreed upon. Instead, Bowe presented no labor dispute because the contract governing the employer-employee relationship was irrelevant to the controversy; the cause of action was created by statute irrespective of any contractual provision. Thus, it is analogous to Washington v. Baugh Construction Co., 313 F.Supp. 598, 605 (W.D.Wash.1969) and Central Contractors Ass'n v. International Brotherhood of Electrical Workers, 312 F.Supp. 1388, 1391 (W.D.Wash.1969), in which the court found no "labor dispute" where the controversy was "bottomed upon alleged acts of discrimination which are prohibited by federal law and which transcend the collective bargaining rights which arise out of the labor contracts of defendant unions." Baugh, 313 F.Supp. at 605.
 
 
 [3]
 While 29 U.S.C. Sec. 113(c) simply defines "labor dispute," 29 U.S.C. Sec. 113(a) states that a case shall be held "to involve or to grow out of" a labor dispute
 when the case involves persons who are engaged in the same industry, trade, craft, or occupation; or have direct or indirect interests therein; or who are employees of the same employer; or who are members of the same or an affiliated organization or employers or employees; whether such dispute is (1) between one or more employers or associations of employers and one or more employees or associations of employees; (2) between one or more employers or associations of employers and one or more employers or associations of employers; or (3) between one or more employees or associations of employees and one or more employees or associations of employees; or when the case involves any conflicting or competing interests in a "labor dispute" (as defined in this section or "persons participating or interested" therein (as defined in this section).
 Having determined that this case presents a "labor dispute" under Sec. 113(c), we find that Sec. 113(a) is also satisfied.